Paula C. **BOWERMAN** and Robert S. **Bowerman, husband and wife**

v.

**Dr. Robert N. TOMHAVE and Ortho Pharmaceutical Corp.**

**Civ. A. No. 75–3353.**

United States District Court, E. D. Pennsylvania.

Dec. 23, 1975.

Jack E. Feinberg, Philadelphia, Pa., for plaintiffs.

A. Grant Sprecher, Philadelphia, Pa., for Tomhave, M.D.

Edward W. Madeira, Jr., and Murray S. Levin, Philadelphia, Pa., for Ortho.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

According to plaintiffs' pleadings, an intra-uterine loop manufactured by the defendant Ortho was inserted into the uterus of the wife plaintiff by the defendant doctor in March 1975. It pierced the uterine wall, and had to be removed surgically. Plaintiffs claim that Ortho was negligent, and is liable under § 402A because the loop was defectively designed, and because Ortho failed to provide adequate warnings, including specifically the warning that the loop should not be used in a woman with a divided uterus. Plaintiffs claim that the physician was negligent in the manner in which he inserted the loop, in failing to appreciate that the loop should not be used in a woman with a divided uterus, and in the removal procedure, which allegedly caused extensive hemorrhaging.

The plaintiffs and the doctor defendant all reside in Cambria County, Pennsylvania, and the insertion and removal of the device occurred there. Ortho is a New Jersey corporation. This action was filed in the Court of Common Pleas of Philadelphia County.

The case has been removed to this Court, on the petition of the defendant Ortho. The petition is noteworthy in that the prayer for relief suggests that, following removal of the entire action to this Court, "the action against Dr. Tomhave [should be] thereafter remanded to the Court of Common Pleas of Cambria County Pennsylvania."

Plaintiffs have filed a motion to remand the case to the Court of Common Pleas of

Philadelphia County. The defendant physician has filed a motion seeking, alternatively, (a) remand to Philadelphia County for decision by that court of a pending motion challenging venue; (b) a decision by this Court that venue in Philadelphia County is improper, followed by a remand of the entire case to Cambria County; (c) remand of all claims against the defendant physician to the Court of Common Pleas of Cambria County; or (d) transfer of the action to the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a).

The only basis for removal of the action to this Court is that plaintiffs and the defendant Ortho are citizens of different states, and that the amount in controversy exceeds $10,000. But the action was brought against two defendants, and there is diversity of citizenship only with respect to one; moreover, only the defendant Ortho petitioned for removal. Thus, the case can remain in this Court only if Ortho is correct in one or the other of its two principal contentions: (1) that plaintiffs' cause of action against Ortho is separate and independent, and thus removable under 28 U.S.C. § 1441(c); or (2) the individual defendant's objection to venue in Philadelphia County should now be sustained by this Court, and the action dismissed as to him, thus leaving Ortho as the only defendant and permitting retention of the case by this Court on the basis of diversity.

■ Analysis of this problem should begin with recognition of the principle that, in the absence of fraud or collusion, the allegations of plaintiffs' Complaint are controlling. In the present case, no one has suggested that plaintiffs' inclusion of Dr. Tomhave as a defendant was improper, or was motivated by a desire to preclude the possibility of removal to a federal forum. Obviously, plaintiffs had a right to sue both defendants in a state court; whether they chose the right county for that suit appears to be a matter in controversy, but that controversy over venue plainly does not justify characterizing plaintiffs' inclusion of Dr. Tomhave as fraudulent.

■ Plaintiffs' Complaint, in a single count, claims damages for the personal injuries sustained by the wife plaintiff as a result of the insertion of the device manufactured by Ortho. Plaintiffs assert that these damages were sustained as a result of the tortious conduct of Ortho, the doctor, or both. One joint tortfeasor may not remove on the grounds of a separable claim. *Chesapeake & Ohio Ry. Co. v. Dixon,* 179 U.S. 131, 21 S.Ct. 67, 45 L.Ed. 121 (1900). If Ortho is liable to the plaintiffs on any theory, that liability would encompass all of the damages sought by the plaintiffs. If there is liability on the part of the doctor, his liability would clearly be concurrent with that of Ortho, unless Ortho is not liable at all. To be more specific: If Ortho's device was improperly designed, or if Ortho failed to give adequate warnings, Ortho would be liable for all of the consequences, even though plaintiffs' damages may have been increased by the doctor's alleged improper performance of the removal procedure (Ortho might, of course, be able to recoup part of its liability from the doctor). Thus, plaintiffs' claim against Ortho could be regarded as separate and independent from their claims against the doctor only if there is no liability on the part of Ortho, or if Ortho is solely liable. But, as noted above, for purposes of determining removal issues, we look to the allegations of the Complaint, which clearly asserts liability against both defendants for the same alleged injuries. Removal therefore cannot be justified under 28 U.S.C. § 1441(c). *See American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

■ Ortho's remaining argument, that this Court should now sustain the individual defendant's objections to venue in Philadelphia County, dismiss the action as to him, and thus leave Ortho as the only defendant, is ingenious, but, under the circumstances of this case, lacking in merit. The only challenge to venue with respect to Dr. Tomhave is the assertion that service of process *upon Ortho* was not properly effected, hence venue against Dr. Tomhave under Pennsylvania Rule of Civil Procedure 1006(c) was also improper. If Ortho was

properly sued in Philadelphia, venue in that county was also proper as to Dr. Tomhave.[1] Of course, if the Philadelphia Court of Common Pleas never acquired jurisdiction over the defendant Ortho (thus rendering valid the assertion that the claim against Dr. Tomhave should be dismissed for lack of venue), removal of the action to this Court on Ortho's petition would not cure the defect.

In summary, therefore, I have concluded that removal of the action to this Court was improper because complete diversity is lacking; because only one of the two defendants petitioned for removal; because plaintiffs' cause of action against Ortho, as alleged, is not separate and independent from their cause of action against the individual defendant; and because the only asserted basis for dismissal as to the resident defendant would, if valid, likewise establish that this action is not removable.

---

1. Pa.R.C.P. 1006(c) provides:

"An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of Subdivisions (a) or (b)."

In the case of corporate defendants, subdivision (b) incorporates Pa.R.C.P. 2079, which permits suit in any county in which the corporation regularly conducts business. It appears to be conceded that Ortho regularly conducts business in Philadelphia County.