**TYPH, INC.**

v.

**TYPHOON FENCE OF PENNSYLVA-NIA, INC.**

**Civ. A. No. 78–1265.**

United States District Court,
E. D. Pennsylvania.

Nov. 16, 1978.

Anthony J. Guerrelli, Guerrelli & Mooney, Warminster, Pa., for plaintiff.

Howard E. Davidson, Davidson, Aaron & Tumini, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

On August 16, 1977, plaintiff, Typh, Inc., commenced this action in the Court of Common Pleas of Bucks County, Pennsylvania to recover $79,041.27 which it claims the defendant, Typhoon Fence of Pennsylvania, Inc., owes it in connection with the lease of certain real estate in Pennsylvania. On April 14, 1978, defendant filed a petition pursuant to 28 U.S.C.

§ 1441(a)[1] to remove this action, contending that this Court had original jurisdiction under 28 U.S.C. § 1332 inasmuch as plaintiff is a New York corporation with its principal place of business in New York and defendant is a Pennsylvania corporation with its principal place of business in Pennsylvania and the amount in controversy exceeds $10,000.00. Plaintiff has filed a motion to remand this action under 28 U.S.C. § 1447(c),[2] contending that the defendant did not file its petition to remove within the thirty day period mandated by 28 U.S.C. § 1446(b).[3] This thirty day limitation is mandatory and cannot be extended by the Court. *Sun Oil Co. of Pa. v. Pa. Dept. of Labor & Industry*, 365 F.Supp. 1403 (E.D.Pa.1973). If the action was removable at the time the complaint was filed and the defendant failed to file its petition within the thirty day period, the Court may, solely on this ground, remand to the state court. *London v. United States Fire Insurance Co.*, 531 F.2d 257 (5th Cir. 1976).

Defendant, however, contends, under the second provision of § 1446(b), that it was not possible to ascertain that the action was removable until an amended complaint was served on March 22, 1978. Defendant filed its petition for removal within thirty days of service of this amended complaint, which alleged that plaintiff was a foreign corporation registered in Pennsylvania, and, therefore, had the capacity to maintain suits in Pennsylvania courts.[4]

For an action to be removable, it is required that it be within the original jurisdiction of the Federal courts, and additionally, that it be within the subject matter jurisdiction of the state court where it was originally filed. *Lambert Run Coal Co. v. B & O R.R. Co.*, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922). If the state court had no jurisdiction, the Federal court can acquire none by removal, which is a derivative jurisdiction. 14 Wright & Miller, *Federal Practice and Procedure* § 3721 at 520–22. The failure of a foreign corporation to comply with § 2014, however, does not deprive the Pennsylvania courts of subject matter jurisdiction. Section 2014 is a procedural statute defining a foreign corporation's capacity to maintain a suit. Plaintiff need not establish in its complaint that it has capacity to sue; instead, the lack of capacity to sue is a matter to be raised by defendant in its answer to the complaint, or in a preliminary objection asserting the defense of lack of capacity to sue, as provided by Pa.R.Civ.P. 1017. *Coleco Industries v. Lectro-Media, Inc.*, 3 Pa.D. & C.3d 255 (1977); *Home Security Corp. v. James Talcott, Inc.*, 62 Pa.D. & C.2d 457 (1973). Further, it is not necessary that plaintiff comply with § 2014 before filing suit; compliance during the pendency of the litigation is sufficient.

1. 28 U.S.C. § 1441(a) provides:

   Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

2. 28 U.S.C. § 1447(c) provides:

   If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.

3. 28 U.S.C. § 1446(b) provides in pertinent part:

   The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . .

   If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

4. 15 P.S. § 2014(A) provides in pertinent part:

   No foreign business corporation transacting business in this Commonwealth without a certificate of authority shall be permitted to maintain any action in any court of this Commonwealth until such corporation shall have obtained a certificate of authority. . . .

*Empire Excavating Co. v. Maret Development Corp.*, 370 F.Supp. 824 (W.D.Pa.1974); *International Inventors, Inc., East v. Berger*, 242 Pa.Super. 265, 363 A.2d 1262 (1976).

Therefore, whether plaintiff was required to register as a foreign corporation is irrelevant to the issue of removal. In determining whether an action is removable, the court looks only to the allegations on the face of the complaint. *La Chemise Lacoste v. Alligator Co., Inc.*, 506 F.2d 339 (3d Cir. 1974); *Bowerman v. Tomhave*, 414 F.Supp. 7 (E.D.Pa.1975). The complaint in this case on its face established a basis for diversity jurisdiction. Therefore, the action was removable when the complaint was filed and the defendant did not petition for removal within thirty days of service of the complaint.

Accordingly, an Order will be entered remanding this case to the Court of Common Pleas of Bucks County.