**Petreena M. GETTY, natural parent and legal custodian of John J. Getty, a minor plaintiff, Plaintiff,**

v.

**STURM–RUGER AND COMPANY and Harold T. Getty, Defendants.**

Civ. No. A 78–288.

United States District Court, D. Alaska.

Jan. 4, 1979.

John Suddock and Lawrence J. Kulik, Anchorage, Alaska, for plaintiff.

R. Craig Hesser, of Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, Alaska, for defendant Sturm-Ruger.

ORDER

FITZGERALD, District Judge.

This action was initially brought in Alaska Superior Court by Petreena M. Getty, on

behalf of John J. Getty, a minor, against Sturm-Ruger and Company and Harold T. Getty, the child's father. The complaint alleged that while John was visiting in his father's home a pistol manufactured by Sturm-Ruger accidentally discharged, seriously injuring the plaintiff minor. Relief against the father is sought on a negligence theory for failure to properly supervise and against Sturm-Ruger on the theory that the pistol contained a design defect.

On October 26, 1978 Sturm-Ruger filed a petition for removal to U.S. District Court. The plaintiff now moves under 28 U.S.C. § 1447(c) to remand this action to Alaska Superior Court, claiming that the removal was improvidently granted and that this Court has no jurisdiction in the matter.

■ Plaintiff advances a two-prong argument as to why the case should be remanded. First, since both the plaintiff and the defendant Harold Getty are Alaska citizens and as Sturm-Ruger is a Connecticut corporation, there is no basis for a diversity action as complete diversity does not exist here. Then, anticipating Sturm-Ruger's principal contention, plaintiff asserts that the actions against Harold Getty and the pistol manufacturer are not separate and independent actions under 28 U.S.C. § 1441(c)[1] and the entire action must be remanded back to Alaska Superior Court. Plaintiff relies on *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

In *Finn* the plaintiff sought recovery against the two foreign insurance companies on a contract liability theory and joined the agent on a theory that the agent was liable for not keeping the policies in force. The insurance companies removed the action to federal district court, Finn moved to remand but the companies argued that although the claim against the Texas agent might be sent back to state court because of a lack of diversity, the foreign insurance companies were entitled to a federal forum as the claim against them was "separate and independent" from the action against the Texas agent. The Supreme Court rejected this argument. The Court held a single wrong was done to the plaintiff, hence there could be no separate and independent cause of action against the companies. In the absence of complete diversity the federal court had no jurisdiction to hear the action.

Sturm-Ruger, in the case at bar, raises four arguments as to why the claim against the manufacturer should not be remanded. The first contention is that Harold Getty had not been served when Sturm-Ruger removed the action and therefore complete diversity existed between John Getty and Sturm-Ruger. Thus, Sturm-Ruger argues, the district court would have diversity jurisdiction over the defective product claim as that action is a separate and independent claim removable under § 1441(c). Sturm-Ruger asserts that while this court must retain jurisdiction over the defective product claim, it has the option of hearing the negligence claim against Harold Getty or remanding that matter to state court.

Identical arguments were made in this circuit and rejected in *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174 (9th Cir. 1969). In that case Morris, a California corporation, brought an action against Californian Vitek and Vitek's surety, the Washington corporation, United Pacific Insurance Co. The claims arose out of an allegedly wrongful attachment of Morris' property by Vitek. The district court allowed removal on a finding that although there was incomplete diversity, Morris' tort theory of malicious prosecution against Vitek and its contract theory against United Pacific were each a "separate and independent claim or cause of action" allowed by § 1441(c). However, Judge Hufstedler, writing for the panel on appeal, emphasized:

1. § 1441(c):

   Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

A single wrong cannot be parlayed into separate and independent causes of action by multiplying the legal theories upon which relief is sought or by multiplying defendants against whom a remedy is sought for the same injury. (*American Fire & Cas. Co. v. Finn* (1951) 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702). Morris's claims against both Vitek and United Pacific spring from a single source—the wrongful attachment of Morris's property—for which a single recovery could be obtained no matter how many defendants shared liability. The two claims are not separate and independent of one another.

*Vitek*, at page 1176.[2]

In the present case the plaintiff has a single wrong—the injuries inflicted by the pistol—but two legal theories against two separate defendants. However, under *Finn* and *Vitek* two or more separate *wrongs* are required before § 1441(c) will allow federal jurisdiction.[3]

Sturm-Ruger's contention that the plaintiff's failure to serve defendant Harold Getty would allow the manufacturer to remove that portion of the action between the plaintiff and Sturm-Ruger is likewise contrary to the holding in *Vitek* :

> The second ground for the District Court's decision that removal jurisdiction existed was that Vitek could be ignored because he was an unserved, nonresident defendant. The ruling is contrary to *Pullman Co. v. Jenkins* (1939) 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334. *Pullman* states two rules: (1) A nonresident defendant cannot remove a "nonseparable" action if the citizenship of any codefendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or nonservice upon the co-defend-

ant; (2) a nonresident defendant can remove a "nonseparable" action without joining in his petition unserved codefendants whose citizenship would not destroy diversity. Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.

*Vitek*, at page 1176.

■ Sturm-Ruger's next argument is the contention that the plaintiff collusively joined his father in this action solely for the purpose of blocking Sturm-Ruger's path to federal court. Although fraudulent joinder may provide a basis for remand, it has a very limited application:

> The joinder may be fraudulent if the plaintiff fails to state a cause of action against the resident defendant, and if the failure is obvious according to the settled rule of the state. If there is a possibility that the plaintiff has stated a cause of action, the joinder is not fraudulent, and the cause should be remanded. Now will merely a defective statement of the plaintiff's action warrant removal. If the plaintiff has stated a cause of action against the resident defendant, that is normally sufficient to prevent removal.

Moore's Fed.Practice, Vol. 1A, Para. 0.161[2] (2d Ed.1974).

Clearly, under Alaska law, a minor plaintiff has a cause of action for negligence against one or more of his parents. The Alaska Supreme Court abolished the concept of parental immunity in *Hebel v. Hebel*, 435 P.2d 8 (Alaska 1967) and reaffirmed that position in *Drickerson v. Drickerson*, 546 P.2d 162 (Alaska 1976).

---

**2.** *See also Sessions v. Chrysler Corp.*, 517 F.2d 759 (9th Cir. 1975) for a recent reiteration of the *Vitek* holding and *Bowerman v. Tomhave*, 414 F.Supp. 7 (E.D.Pa.1975). In *Bowerman* the Pennsylvania plaintiff brought a negligence action against her Pennsylvania physician and a product liability claim against the New Jersey manufacturer of the intrauterine device which plaintiff contended the physician had misinserted. The New Jersey defendant removed, but the district court found that the single wrong

done to the plaintiff required that the entire action be remanded back to the Pennsylvania state court.

**3.** *See Union Planters National Bank of Memphis v. CBS*, 557 F.2d 84 at 90, n.2 (6th Cir. 1977) to distinguish *Climax Chemical Co. v. C. F. Braun & Co.*, 370 F.2d 616 (10th Cir. 1966), the case relied upon by defendant Sturm-Ruger.

The plaintiff in this case has stated a claim under Alaska law against his father, hence there is incomplete diversity and the action must be remanded.

Sturm-Ruger's final argument is that the plaintiff waived its right to remand by delaying objection to the petition to remand. In effect, Ruger claims that the removal petition was a form of motion and is therefore under Local Rule 5(B)(2) which requires opposition within fifteen days. Ruger's corollary is that the plaintiff's motion to remand is the opposition to the petition to remove and that the plaintiff's opposition is untimely. This argument is simply mistaken. The correct procedure, a motion to remand, was followed by the plaintiff. Moore's Federal Practice, Vol. 1A Para. 0.168[4.–1] at page 524 (2d Ed.1974).

The motion to remand is GRANTED and the Clerk shall prepare the Order of Remand.

ORDERED ACCORDINGLY.