678 F.2d 842
 The HARTWELL CORPORATION, a corporation of California,
Plaintiff-Appellant,
v.
The BOEING COMPANY, a corporation of Delaware; Does I-X,
corporations; and Does XI-XX, individuals,
Defendants-Appellees,
Avibank Manufacturing, Inc., Intervening Defendant-Appellee.
 No. 81-5357.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 4, 1981.
Decided June 4, 1982.
 
 Roland N. Smoot, Los Angeles, Cal., for plaintiff-appellant.
 Douglas L. Thorpe, Johnsen, Manfredi & Thorpe, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before CANBY and NORRIS, Circuit Judges, and JAMESON,* District Judge.
 NORRIS, Circuit Judge:
 
 
 1
 Hartwell originally filed this unfair competition action in California Superior Court against the Boeing Company and 20 fictitious Doe defendants.[1] In its complaint, Hartwell alleged that Boeing had wrongfully disclosed Hartwell's trade secrets to certain unidentified Hartwell competitors. The only charging allegation against the Does were that they had, in some unspecified fashion, participated in Boeing's wrongful actions. Boeing immediately removed the matter to federal district court, pursuant to 28 U.S.C. § 1441, claiming that the Does were "phantoms" and that diversity existed between the only true parties, Hartwell and Boeing. Eight months later, Hartwell moved to remand the case to state court, claiming that the Doe defendants defeated diversity jurisdiction. The district court denied the motion because of Hartwell's failure to identify the Does with any specificity. Hartwell appeals that order. We noted jurisdiction under 28 U.S.C. § 1292(b), Hartwell Corp. v. Boeing Co., No. 81-8051 (9th Cir. May 12, 1981) (order), and now affirm.
 
 
 2
 Hartwell claims that it has identified the Doe defendants with sufficient specificity to defeat diversity jurisdiction because its complaint identifies the Does as Hartwell's competitors who received the trade secrets from Boeing. As we read the complaint, however, it gives us no clue that the Does are the Hartwell competitors or that they received trade secrets from Boeing. In paragraphs ten to fifteen of the complaint, Hartwell alleges that on four different occasions Boeing disclosed Hartwell's trade secrets "to other parties who compete with HARTWELL." These "other parties" are never connected with the Does. The only charging allegation against the Does, which appears in paragraph four, is that they "participated in the acts hereinafter complained of, either by ratifying them, or cooperating in them, or otherwise ...."[2]
 
 
 3
 In short, Hartwell's Does are mentioned in the caption of the complaint and in a single general charging allegation that they "participated" in Boeing's allegedly wrongful acts. In this respect, we find Hartwell's complaint indistinguishable from the complaint at issue in Asher v. Pacific Power & Light Co., 249 F.Supp. 671 (N.D.Cal.1965). There Asher "listed" ten Doe defendants in its complaint, but made "no other mention (of the Does) except that the plural 'defendants' (was) used in each cause of action and in the prayer." Id. at 673. In Asher, the court held that the plaintiff had identified the Does with insufficient specificity to defeat diversity jurisdiction. Id. at 676.
 
 
 4
 We find Judge MacBride's reasoning in Asher persuasive. He contrasted two cases that exemplified the extremes of Doe pleading: one where the plaintiff merely mentioned the Does in the caption of the complaint, Grigg v. Southern Pacific Co., 246 F.2d 613, 619-20 (9th Cir. 1957); the other where the plaintiff's allegations revealed the Does' "actionable conduct (and) physical appearance ...," Grosso v. Butte Elec. Ry., 217 F. 422, 423 (D.Mont.1914). Asher, 249 F.Supp. at 675-76. From this comparison, Judge MacBride concluded that allegations concerning Doe defendants must provide some "clue as to whom (the Doe allegations) pertain." Id. at 676.
 
 
 5
 Hartwell's complaint gives us no better clue as to the identity of the Does than Asher's did. If Hartwell had in mind that the Does were the competitors who allegedly received trade secrets from Boeing, it could easily have said so.[3] But it did not.
 
 
 6
 Hartwell argues that we disapproved the Asher rule in Preaseau v. Prudential Insurance Co., 591 F.2d 74, 77 n.2 (9th Cir. 1979), and points to the following language in Preaseau : "We believe that the district courts have misread the Haight-Grigg line of decisions in making a distinction according to the degree of identification of Does in complaints."[4] Id. Hartwell misinterprets Preaseau. There we did not disapprove Asher;[5] rather, we criticized the rule in Herrera v. Exxon Corp., 430 F.Supp. 1215, 1219-20 (N.D.Cal.1977) that a defendant must petition for removal within 30 days of the filing of a complaint with Doe defendants if the Doe defendants are "unidentified, indefinite and ineffectual ...." Id. at 1220 (quoting Scurlock v. American President Lines, 162 F.Supp. 78, 81 (N.D.Cal.1958)). Preaseau and Herrera thus dealt with the effect of nonspecificity of Doe defendants on the timeliness of a remand petition, not its effect on the existence of diversity jurisdiction.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable William J. Jameson, Senior United States District Judge, District of Montana, sitting by designation
 
 
 [1]
 California allows pleading of fictitious "Doe" defendants. "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint ... and such defendant may be designated in any pleading or proceeding by any name ...." Cal.Civ.Proc.Code § 474 (West); see Chism v. National Heritage Life Insurance Co., 637 F.2d 1328, 1329 n. 1 (9th Cir. 1981)
 
 
 [2]
 The only other reference to the Does in the complaint is a disclaimer that "HARTWELL is uncertain as to (the Does) relationship with BOEING, or their association with BOEING ...."
 
 
 [3]
 Hartwell argues that intervention by Avibank Manufacturing, Inc., a California citizen and competitor of Hartwell, is proof that the complaint gives a clue that the Does include the competitors. In effect, Hartwell asks us to find that Avibank learned that Hartwell intended it to be a Doe defendant from the complaint alone and not from some other source. We find no support in the record for Hartwell's argument
 
 
 [4]
 The "Haight-Grigg line of decisions" draws its title from two decisions in which this court held that once a case proceeds to trial, diversity jurisdiction cannot be defeated by identifying a previously unidentified Doe defendant. Grigg, 246 F.2d at 620; Southern Pacific Co. v. Haight, 126 F.2d 900, 903-904 (9th Cir.), cert. denied, 317 U.S. 676, 63 S.Ct. 154, 87 L.Ed. 542 (1942)
 
 
 [5]
 We note that Asher was cited with approval in Chism v. National Heritage Life Insurance Co., 637 F.2d 1328, 1330 (9th Cir. 1981)