**Ruth LOPEZ, Plaintiff-Appellant,**

v.

**GENERAL MOTORS CORPORATION,
Defendant-Appellee.**

No. 82–4038.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 13, 1982.

Decided Feb. 1, 1983.

Joe R. McCray, San Francisco, Cal., for plaintiff-appellant.

Richard C. Brautigam, McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., for defendant-appellee.

Before DUNIWAY and BOOCHEVER, Circuit Judges, and KEEP,* District Judge.

* The Honorable Judith N. Keep, United States District Judge for the Southern District of California, sitting by designation.

DUNIWAY, Circuit Judge:

In this personal injury action, which was removed to the federal district court from California superior court, the plaintiff Lopez appeals from a summary judgment for the defendant General Motors Corporation. She also claims error in the court's denial of her motion for leave to amend her complaint by adding additional parties and for an order, based upon the presence of those parties, remanding the case to the superior court. We affirm.

I. *Proceedings in the Trial Court.*

Lopez's action was originally filed in the superior court for Alameda County, California, on February 19, 1981. Before process was served, she filed a first amended complaint on March 25. The case was removed to the district court, on petition of General Motors, on May 4. On September 21, the court entered an order granting judgment on the pleadings for General Motors, but with leave to amend. Lopez filed a second amended complaint on September 28. On October 8, General Motors filed a motion to dismiss or, in the alternative, for summary judgment. This motion was finally set for hearing on November 13, 1981.

On November 9, Lopez filed a motion for leave to amend the complaint by adding additional parties, the California corporation dealer which sold the truck, McDonald, Lopez's former attorney, and his firm, the Boccardo law firm, and, if that motion were granted, for an order remanding the case to the superior court on the ground that diversity jurisdiction would no longer exist. The court refused to postpone the hearing of General Motors' motion and considered both that motion and Lopez's motion for leave to amend and for remand at the November 13 hearing. The court granted summary judgment for General Motors and denied Lopez's motion on that date. Summary judgment was entered in favor of General Motors. Lopez moved for reconsideration and the court denied that motion.

## II. *The Facts.*

On January 27, 1974, Lopez was a passenger in the cab of a one-half ton Chevrolet pickup truck manufactured by General Motors. The truck was driven in such a way that it ran off the road and turned turtle. Gasoline leaked into the cab and caught fire, and Lopez was severely injured. She consulted an attorney named McDonald, a member or associate of the Boccardo law firm, who brought an action on her behalf against the driver of the truck. That action was settled for the full amount of the driver's liability insurance. McDonald did not suggest to her that she might have a claim against General Motors.

On November 25, 1980, Lopez went to the office of her present counsel, apparently as a witness in another matter. During the course of her visit, she described the accident to counsel who told her that he thought that the fuel tank, fuel intake tube and cap in the truck were so designed and located as to constitute an unreasonable hazard and that she might have a claim against General Motors. The result was the filing of this action, more than six years after the accident.

The original complaint named as defendants, in addition to General Motors, McDonald, "the Boccardo law firm," and "Does I through XXX, inclusive, and each of them." In the first amended complaint McDonald and the Boccardo law firm were eliminated as defendants. After considerable discovery, including the propounding of interrogatories to Lopez and the taking of her deposition by General Motors, the motion for judgment on the pleadings was filed and granted by the court. It was General Motors' position that the action was barred by the one year California statute of limitations, Cal.Code Civ.Pro. § 340(3). In its order granting the motion, the court granted leave to amend, stating that the amended complaint "must plead *with specificity* the basis for [Lopez's] allegation of fraudulent concealment."

The second amended complaint described the defects as follows:

a) the design of a gasoline or fuel tank system, including tank and fuel lines, which was vulnerable to puncture and/or failure during collision, and, being placed behind the driver's seat in the cab of the subject vehicle, allowed fuel to leak into occupiable areas, igniting and burning occupants.

b) design of a filler hose running from the fuel tank inside the cab of the subject vehicle to a filler pipe located on the driver's side, said filler hose being subject to separation from the fuel tank and/or filler pipe during collision thus allowing fuel to leak into occupiable areas of the vehicle, igniting and burning the occupants.

c) design and placement of a filler hose which was in close proximity to sharp edges of sheet metal created by the filler pipe opening on the driver's side of the vehicle, said sheet metal being subject to deformity during collision causing the filler hose to be severed, cut or pinched and allowing fuel to leak into occupiable areas and ignite, burning the occupants.

d) design and placement of a filler pipe which protruded through the sheet metal on the driver's side of the subject vehicle, said sheet metal being subject to deformity during collision causing the filler pipe to be pinched, punctured or displaced from the filler hose, allowing fuel to leak into occupiable area; igniting and burning occupants.

It was also alleged that General Motors knew that the truck "would not be inspected by purchaser or consumer for design, manufacture or assembly defects," knew of the alleged defects, and "gave no notice or warning to users concerning said defects" before or since the accident. It was also alleged that General Motors intentionally misrepresented "to the general public, of which plaintiff was one, through its advertisements," that the truck was well built, "incorporating all necessary safety features," and warranted it to be safe.

The second amended complaint omitted the Doe defendants, so that the only defendant named in the complaint was General Motors.

Lopez testified in her deposition that she always knew that the fuel tank was behind the seat and that the filler duct leading to the tank protruded from the side of the cab behind the door on the driver's side. She also testified that she knew that the cause of her injury was the fire which occurred because the fuel tank had ruptured and the leaking gasoline had ignited or exploded during the accident.

Lopez testified that it was her belief, from the time of the accident until after she consulted present counsel in November of 1980, that the truck in which she was riding was a Ford truck, not a General Motors Chevrolet. She testified that since the accident, she had read or seen nothing about Chevrolet truck safety. In answer to an interrogatory as to each fact which she obtained from General Motors directly or indirectly which would show that the subject vehicle did or did not contain the defect, plaintiff responded: "Plaintiff has received no information either directly or indirectly from General Motors Corporation."

The California statute of limitations for actions for personal injuries is one year. The time for filing a suit, therefore, expired on June 27, 1975. This action was filed on February 19, 1981. The court held that the action was barred and that Lopez had not shown any reliance by her on any alleged fraudulent representations or concealment or conduct of General Motors.

### III. *The Motion for Leave to Add Additional Parties and for an Order of Remand.*

#### A. *Removal of the action to the Federal Court was proper.*

It is not disputed that Lopez is a citizen of California, and that General Motors is a Delaware corporation with its principal place of business in Michigan. Lopez argues, however, that "[r]emoval was improper here due to the presence in the original complaint of the fictitiously named defendants and an allegation of their liability." (brief p. 11)

#### 1. *The fictitious defendants were sham.*

Lopez relies upon *Clarence E. Morris, Inc. v. Vitek,* 9 Cir., 1969, 412 F.2d 1174, 1176, and *Southern Pacific Co. v. Haight,* 9 Cir., 1942, 126 F.2d 900. In *Clarence E. Morris, Inc.,* a named defendant, Vitek, rather than a fictitious one, had not been served with process. He and the plaintiff were both citizens of California. The corporate defendant, a Washington corporation was served and removed the case to federal court. We held that diversity jurisdiction did not exist because of the presence of Vitek as a defendant, even though he had not been served. In so holding, we followed a similar holding by the Supreme Court in *Pullman Co. v. Jenkins,* 1939, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334. There, a personal injury action by a California plaintiff against Pullman, an Illinois corporation, and its sleeping car porter, identified as such, but sued under a fictitious name, was removed by Pullman to federal court. The porter was a citizen of California. The Court held that removal was error, even though the porter had not been served with process at the time of removal. (*Id.* at 540–541, 59 S.Ct. at 350–351). *Southern Pacific Co., supra,* is similar. An employee of Southern Pacific, whose part in causing the accident was stated, was sued under a fictitious name. But there, removal was held proper, and denial of a motion to remand was upheld on appeal.

These cases are not in point here, because here no specific but unnamed defendant was identified, nor was any conduct of any Doe defendant, giving rise to a claim for relief against that defendant, pleaded.

In the first amended complaint, the "Doe" defendants are described thus:

> The true names and capacities, whether corporate or otherwise, of the Defendants sued herein as Does I through XXX, inclusive and each of them, are unknown to the Plaintiff and Plaintiff sues said Defendants by fictitious names. Plaintiff is informed and believes that such fictitiously named Defendants are somehow negligent and liable for the injury and losses to Plaintiff herein alleged.

This certainly does not identify as a defendant the unknown dealer who sold the car to the driver. *The Hartwell Corporation v. The Boeing Company*, 9 Cir., 1982, 678 F.2d 842. Thus, the motion for leave to add the dealer as a party cannot be related back to the original complaint or the first amended complaint because the description of the Doe defendants in those complaints was insufficient to identify anyone. As we said in *Grigg v. Southern Pacific Co.*, 9 Cir., 1957, 246 F.2d 613, 620: "[L]egally [the] Does were a sham."

2. *The resident defendants had been removed from the case by the plaintiff.*

■ McDonald and the Boccardo law firm were named as defendants in the original complaint, but they were not named in the first amended complaint, which was filed before the action was removed. Thus, when the action was removed, plaintiff had eliminated the defendants, McDonald and the Boccardo law firm, from the case as effectively as if they had been dismissed. *See Preseau v. The Prudential Ins. Co. of America*, 9 Cir., 1979, 591 F.2d 74, 76–78; *Clarence E. Morris, Inc. v. Vitek, supra*, 412 F.2d at 1176; *Southern Pacific Co. v. Haight, supra*, 126 F.2d at 904–905.[1]

The result is that, when the case was removed, the only parties were Lopez and General Motors, and diversity jurisdiction clearly existed.

B. *Denial of the motion for leave to amend by adding parties, and for remand, was proper.*

■ As we said in *Grigg v. Southern Pacific Co., supra:* "[Counsel] never attempted to identify or charge a Doe until he found he was in trouble—his case was going to a court where he preferred not to go. This was too late." 246 F.2d at 620. Counsel here says that he did try to identify the dealer who sold the truck, but he never told that to the court, or mentioned the unidentified dealer in his complaint or otherwise until more than six months after the action was removed and just four days be-

fore the motion for summary judgment was to be heard. A fortiori, this, too, was too late.

The same can be said of the attempt to bring McDonald and his law firm back into the case. Lopez's motion was made too late. As we said in *Southern Pacific Co. v. Haight, supra:* "Where a case has been properly removed, jurisdiction over it will not be defeated by later changes or developments in the suit, such as changes in citizenship, in parties, in the amount involved or in the cause of action pleaded. *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334; *Stewart v. Dunham*, 115 U.S. 61, 5 S.Ct. 1163, 29 L.Ed. 329; *Phelps v. Oaks*, 117 U.S. 236, 6 S.Ct. 714, 29 L.Ed. 888; *Daland v. Hewitt Soap Co.*, D.C. 27 F.Supp. 482." 126 F.2d at 903.

■ Rule 19(a), F.R.Civ.P. provides, in pertinent part: "A person who is subject to service of process *and whose joinder will not deprive the court of jurisdiction over the subject matter of the action* shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties...." (emphasis ours). The joinder of either the dealer or the lawyers would deprive the court of jurisdiction. Thus, under Rule 19(a), they are not to be joined. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 1968, 390 U.S. 102, 108, 88 S.Ct. 733, 737, 19 L.Ed.2d 936. Neither the dealer nor the lawyer McDonald nor the Boccardo firm was an indispensable party. Their absence will not prevent complete relief from being accorded between those already parties, namely, Lopez and General Motors. A judgment either way will give complete relief between them. And it will not, in either event, be *res judicata* as between Lopez and the dealer or between Lopez and the lawyers or between the dealer and General Motors. Rule 19(b) does not apply. *See Provident Bank*, at 107–116, 125, 88 S.Ct. at 736–741, 746.

Lopez cites *Vandermark v. Ford Motor Co.*, 1964, 61 Cal.2d 256, 262, 37 Cal.Rptr.

---

1. We note that, in the second amended complaint, the "Doe" defendants were also omitted. This, however, was after removal, and we do not rely on it. We express no opinion as to the effect of omitting them at that time.

896, 391 P.2d 168 for the proposition "that the safety of Californians depends upon the joinder of the dealer" (reply brief p. 3). The case stands for no such thing. All that it holds is that the dealer, as well as the manufacturer, is strictly liable in tort if the vehicle is defective and injury results. It says nothing about joinder.

The claim that the judge never decided Lopez's motion for leave to amend and to remand is belied by the record. At the hearing on General Motors' motion for summary judgment, Lopez's counsel asked to have his motion heard first. The court said:

> If it can be heard, it will be. . . . it will be heard. We're all here today. And there are three actors; the plaintiff, and the defendant, and the court.

The court then heard argument on General Motors' motion and granted it, stating reasons. He concluded:

> And, thus, I'm granting summary judgment in favor of the defendant.
>
> And I think that disposes of the pending motions.

To this Lopez's counsel replied:

> Well, Judge, you—the last thing you said, I just want to make clear. The pending motion is now gone.

The clerk's minutes for that hearing recite:

> Pltf Motion to file 3rd amended complt—denied.

And when counsel moved for reconsideration, the court said:

> I ruled on and denied the plaintiff's remand motion prior to dismissing the case.

In briefing cases, counsel should not assume that we will not check the pertinent parts of the record. It was not error to deny the motion for leave to amend and to bring in new parties, and to remand.

### IV. *The Summary Judgment.*

■ The record fully supports the summary judgment. The court based it primarily on the uncontradicted fact that Lopez believed that the truck was a Ford, not a Chevrolet, so that she could not have relied upon or been misled by anything in General Motors advertisements, or anything else that General Motors did or said or failed to do or say. The court also relied on Lopez's answer to an interrogatory that "she has received no information either directly or indirectly from General Motors Corporation." She also admitted that she had not "read or seen anything about Chevrolet truck safety" since the accident. In short, there is no evidence of fraudulent concealment by General Motors, relied on by Lopez.

We do not take kindly to counsel's having Lopez attempt, in a declaration in support of her motion for reconsideration, to repudiate or contradict her sworn deposition testimony. The declaration created no genuine issue of fact. *Radobenko v. Automated Equipment Corp.,* 9 Cir., 1975, 520 F.2d 540, 544. It was not error to deny Lopez's motion for reconsideration.

Affirmed.