**In re BRIDGESTONE/FIRESTONE, INC., ATX, ATX II, and Wilderness Tires Products Liability Litigation, Plaintiff.**

**Carolien Fehmers,**

v.

**FORD MOTOR CO., et al.**

**Nos. IP00–9373CBS, IP00–5068CB.**
**No. MDL 1373**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Jan. 29, 2001.

Coral Gables, FL, Irwin B. Levin, Cohen & Malad, Indianapolis, IN, William E. Winingham, Wilson Kehoe & Winingham, Indianapolis, IN, for plaintiffs.

John H. Beisner, O'Melveny & Myers LLP, Washington, DC, Daniel P. Bryon, McHale Cook & Welch, PC, Indianapolis, IN, Glen R. Goldsmith, Glen R. Goldsmith & Associates, PA, Miami, FL, Mark Herrmann, Jones Day Reavis & Pogue, Cleveland, OH, Thomas S. Kilbane, Squire Sanders & Dempsey, LLP, Cleveland, OH, Louis A. Lehr, Jr., Arnstein & Lehr, Chicago, IL, Mark Merkle, Krieg Devault Alexander & Capehart, Indianapolis, IN, Randall Riggs, Locke Reynolds, LLP, Indianapolis, IN, Michael P. Rudd, Hightower and Rudd, PA, Miami, FL, Colin P. Smith, Holland & Knight LLP, Chicago, IL, Thomas G. Stayton, Baker & Daniels, Indianapolis, IN, for defendants.

## ORDER DENYING MOTION FOR AMENDMENT AND REMAND

BARKER, District Judge.

On August 15, 2000, Plaintiff Carolien Fehmers filed this action in Los Angeles County Superior Court against Ford Motor Company ("Ford"), Bridgestone/Firestone, Inc. ("Firestone") and Does 1 through 30, inclusive. Her claim arises out of an accident occurring on August 5, 2000 in which Ms. Fehmers suffered injuries to her neck, back, head, body and face when her Ford Explorer rolled over after the tread allegedly separated on one of the Firestone Wilderness AT tires installed on her vehicle. Defendants Ford and Firestone later removed this action to federal court. On October 4, 2000, Plaintiff filed a "Motion for Orders (1) Amending Complaint to Add Necessary Defendant, and (2) for Remand to State Court" ("Motion to Amend and Remand"). Fehmer's case was then transferred to the Southern District of Indiana for coordinated or consolidated pretrial proceedings as part of the multidistrict litigation ("MDL") *In re Bridgestone/Firestone,* Inc., ATX, ATX II

Don Barrett, Barrett Law Office, PA, Lexington, MS, Victor Manuel Diaz, Jr., Podhurst Orseck Josefberg Eaton, Miami, FL, Mike Eidson, Colson Hicks Eidson,

and Wilderness Tires Products Liability Litigation, MDL No. 1373 (*"In re Bridgestone/Firestone"*). Pursuant to the Court's Order on Organizational Structure and Discovery issued on November 22, 2000, this case was selected by Liaison Counsel for personal injury/death cases as one of four cases representative of the various remand issues raised in the MDL. For the reasons set forth below, Plaintiff's Motion to Amend and Remand is *DENIED*.

### Analysis

■ Plaintiff seeks to add Alhambra Dodge ("Alhambra"), the dealer who sold her the Ford Explorer with Firestone tires, as a defendant in her lawsuit. Because Alhambra is a California corporation and, therefore, nondiverse from Ms. Fehmers, if the Court permitted joinder, we would no longer have diversity jurisdiction under 28 U.S.C. § 1332(a), which provides for federal jurisdiction when the amount in controversy exceeds $75,000 and the action is between citizens of different states. When an action has been removed to federal court and the additional defendant sought to be joined by the plaintiff would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) establishes that the Court has one of two options. We "may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).[1]

■ In order to permit joinder and remand the action, the Court need not find that the additional party is indispensable to just adjudication of the lawsuit. *Vasilakos v. Corometrics Medical Sys., Inc.*, 1993 WL 390283, at *2 (N.D.Ill. Sept. 30, 1993); *Goutanis v. Mutual Group*, 1995 WL 86588, at *6 (N.D.Ill. Feb. 24, 1995). Instead, courts base their decisions to permit or deny joinder on a balance of the equities. *See Clinco v. Roberts*, 41 F.Supp.2d 1080, 1083 (C.D.Cal.1999); *Hensgens v. Deere & Company*, 833 F.2d 1179, 1182 (5th Cir.1987); *County of Cook v. Philip Morris, Inc.*, 1997 WL 667777, at *2 (N.D.Ill. Oct. 17, 1997). While the Seventh Circuit has not enumerated factors to be considered in balancing the equities, district courts in the Seventh Circuit look to a number of factors to make this determination.[2] The factors examined include:

(1) the extent to which the joinder of the nondiverse party is sought merely to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) the balance between the risk that the plaintiff will experience significant injury by pursuing multiple lawsuits if the amendment is not allowed and the risk that the defendant will be prejudiced if the amendment is allowed; and (4) any other equitable considerations, including defendants's [sic] interest in maintaining a federal forum.

1. Although Plaintiff's submission before the Court is her first attempt to amend the pleadings and her submission was filed prior to service of Defendants' answer, Fehmers cannot amend her pleading as of right under Fed.R.Civ.P. 15(a). A number of courts have held that when an amendment will destroy diversity, analysis should proceed under 28 U.S.C. § 1447(e), rather than under Fed. R.Civ.P. 15(a). *See, e.g., Mayes v. Rapoport*, 198 F.3d 457, 462 n. 11 (4th Cir.1999); *Ascension Enterprises, Inc. v. Allied Signal, Inc.*, 969 F.Supp. 359, 360 (M.D.La.1997).

2. In our Order on Briefing of Remand Motions of December 28, 2000, we permitted the filing of supplemental briefs on the "law to be applied by the transferee court in ruling on a motion for remand and ... [on] any additional authority under the applicable law." De-

fendant Ford filed a brief on January 22, 2001. Based on this brief and the Court's own research, we find that Seventh Circuit law applies here. The law of the circuit where the transferee court sits governs questions of federal law in MDL proceedings. *In re Korean Air Lines Disaster of September 1, 1983*, 829 F.2d 1171, 1176 (D.C.Cir.1987) ("the law of a transferor forum on a federal question ... merits close consideration, but does not have stare decisis effect in a transferee forum situated in another circuit."). Remand and removal, the issues now before the Court, are procedural questions that hinge on federal law. *In re Ford Motor Co.'Bronco II Products Liability Litigation*, 1996 WL 257570, at *1–2 (E.D.La. May 16, 1996) (applying law of circuit of transferee court to procedural question of remand and removal in diversity case).

*Vasilakos,* 1993 WL 390283, at *3. *See also Goutanis,* 1995 WL 86588, at *6.

*Motive for Seeking Joinder*

■ In examining Fehmers' motive for seeking to join Alhambra, "[t]he concern is to ensure [that] the plaintiff is not purposefully attempting post-removal actions which are designed solely to accomplish remand." *Vasilakos,* 1993 WL 390283, at *4 (citations omitted). Plaintiff submits that if Alhambra is not joined to this suit, "complete relief cannot be accorded to the parties." Motion to Amend and Remand at 3. Under California law, the distributor of an injury-producing product is liable under a strict liability theory for any injuries the product causes. *Barth v. B. F. Goodrich Tire Co.,* 265 Cal.App.2d 228, 71 Cal.Rptr. 306 (1968). Fehmers claims to seek joinder so that Defendants cannot conduct an "empty chair" defense, "pointing to the distributor, a non-party, as the entity responsible for failing to warn about the dangers of the products it distributed directly to the consuming public." Motion to Amend and Remand at 3.

While Plaintiff's argument explains why Fehmers seeks to include Alhambra in the case, it does not explain why Alhambra was not named in the original complaint.[3] Fehmers does not allege that she was not aware of the identity of the dealer who sold her the vehicle when she filed her complaint in Los Angeles County Superior Court. When a plaintiff was aware at the time of the filing of her original complaint of the identity of the defendant she now seeks to add, there arises some suspicion of plaintiff's motives to amend. *County of Cook,* 1997 WL 667777, at *3. These misgivings can be allayed through a reasonable explanation of the delay. In *Vasila-*

*kos,* 1993 WL 390283, at *4, the court's suspicion of plaintiffs' reason for seeking to add a hospital as defendant was eased by plaintiffs' explanation that state law required them to obtain a certificate of merit before suing a healthcare facility and that they had applied for the certificate contemporaneously with filing the original complaint in state court. In contrast, Fehmers has not offered so much as a single sentence of explanation for why Alhambra was not named in the original complaint. We thus infer that Fehmers seeks to add Alhambra in order to defeat diversity jurisdiction, which weighs against permitting her to amend her complaint.

*Timeliness of Motion for Amendment*

■ To determine whether a plaintiff has been dilatory in requesting an amendment, district courts in the Seventh Circuit measure the passage of time between either the filing of the case or removal and the filing of the motion to amend. The *Vasilakos* court found that the passage of three days from the notice of removal and four days from the filing of the case itself to the filing of the motion to amend weighed heavily in favor of permitting amendment. *Vasilakos,* 1993 WL 390283, at *4. In *Hart v. Dow Chemical,* 1997 WL 627645, at *6 (N.D.Ill. Sept. 30, 1997), the court decided that waiting 14 months after removal before filing their motion to amend supported the magistrate judge's finding that the plaintiffs were dilatory. Here, only five days passed between removal and the filing of the Motion to Amend and Remand, and about a month and a half elapsed between the initial filing of the suit and the filing of the Motion to Amend and Remand. Despite the fact that she filed her Motion to Amend and

3. Plaintiff's reference to "DOES 1–30" in the original complaint does not suffice to identify Alhambra as a defendant from the original filing of the case. Paragraph 2 of the Complaint reads as follows:

Plaintiff is informed and believes and thereon alleges that each of the defendants fictitiously named herein as DOE is legally responsible, negligently or in some other actionable manner, for the events and hap-

penings hereinafter referred to and proximately thereby caused the injuries and damages to plaintiff as hereinafter alleged. In *Lopez v. General Motors Corp.,* 697 F.2d 1328, 1331–32 (9th Cir.1983), a case very similar to the one before us, the court found that language almost identical to the above quoted paragraph was insufficient "to identify as a defendant the unknown dealer who sold the car to the driver."

Remand after removal, a concern addressed in the Court's discussion of motive, Fehmers did not delay in seeking to amend.

*Balance of Risks to Plaintiff and Defendants*

■ We next "balance between the risk that the plaintiff will experience significant injury by pursuing multiple lawsuits if the amendment is not allowed and the risk that the defendant will be prejudiced if the amendment is allowed." *Vasilakos,* 1993 WL 390283, at *3. Courts normally are reluctant to force a plaintiff to pursue litigation on the same incident in both state and federal court. *See id.* at *4. However, some considerations militate against according this reluctance too much weight in the case before the Court. Under California law, the absence of the dealer will not prevent complete relief from being secured by a Plaintiff as to those Defendants who have already been named in the case. *Lopez v. General Motors Corp.,* 697 F.2d 1328, 1332 (9th Cir.1983). In *Lopez,* the plaintiff sought to join the non-diverse dealer of the truck in which she was injured after the case had been removed to federal court. The *Lopez* court ruled that the dealer was not an indispensable party to Lopez's products liability action against the truck manufacturer and that Lopez could obtain complete relief from the truck manufacturer in the absence of the dealer from the lawsuit. *Id.* Another case, *Filippini v. Ford Motor Co.,* 110 F.R.D. 131, 136 (N.D.Ill.1986), also supports the proposition that "[a]dequate relief can be fashioned in the dealer's absence." In that case, the court found that Ford's resources would be adequate to pay the full amount of any judgment to which plaintiff would be entitled. *Id.* In fact, in the case before us, Ford asserts its ability to satisfy any judgment that Fehmers might obtain against Ford or the dealer. Defendant Ford Motor Company's Opposition to Plaintiff's Motion for Orders Amending Complaint and for Remand at 3.

Also, any prejudice to Plaintiff from an "empty chair" defense is likely to be slight,

as Fehmers herself implicitly admits by her failure to include the dealer in her original complaint. Furthermore, Ford's only indication that it intends to pursue a defense implicating the dealer is a vague, boilerplate statement in its answer that:

> [i]f plaintiff sustained any injury or incurred any loss or damage as alleged in the Complaint, the injuries and damages sustained were caused or contributed to by the negligence or other wrongful conduct of persons, firms, corporations, partnerships, limited partnerships, municipalities or entities other than Ford and, therefore, the negligence of those third parties comparatively reduces Ford's percentage of fault, if any.

Ford's Answer, ¶ 12. If these allegations are to be taken seriously, Plaintiff should have sought to add, at a minimum, the City of Los Angeles or whatever government entity is responsible for maintaining westbound Interstate 10, 41 feet east of Crenshaw, where the accident occurred. Should Alhambra, or the City of Los Angeles for that matter, be at fault, Ford will need to affirmatively prove its case. The *Filippini* court, in addressing the issue of joinder of a dealer, expressed great scepticism that the separation of a wheel was the kind of factual situation where such a defense is likely to succeed. *Filippini,* 110 F.R.D. at 135. We share this scepticism and note that a judgment against Fehmers on her strict liability claim, when the dealer was not joined, would not be res judicata between the plaintiff and the dealer. *Id.* at 136 (citing *Lopez,* 697 F.2d at 1332). The risk that plaintiff will suffer significant injury if joinder of Alhambra is not permitted is slight.

*Other Equitable Considerations*

■ Cases examining questions of joinder and remand emphasize that defendants have "a significant interest in proceeding in a federal instead of an out of state forum." *Hart,* 1997 WL 627645, at *6 (citations omitted). *See also Sexton v. G & K Services, Inc.,* 51 F.Supp.2d 1311, 1313 (M.D.Ala.1999) ("Giving diverse de-

fendants the option of choosing the federal forum is the very purpose of the removal statutes.").

Another argument against permitting joinder and ordering remand is the fact that Fehmers' case is now a part of coordinated MDL proceedings. In *Haltner v. American Home Products Corp.*, 1999 WL 969276, at *1 (D.N.H. Oct. 8, 1999), the district court examined the same issue currently before us. The *Haltner* court reasoned:

> [t]his case will be transferred to the multidistrict litigation if I deny joinder and retain jurisdiction. Such a transfer will greatly reduce the expense and complexity of discovery. While plaintiffs will be inconvenienced if they are forced to simultaneously litigate their claims against different defendants in state and federal court, the inconvenience is of their own making because they neglected to join all of the defendants in their state court complaint.

*Id.* This reasoning aptly extends to the case before the Court. Along with Defendants' interest in maintaining a federal forum, the economic benefits made possible by multidistrict litigation further suggests that joinder should not be permitted in this case.

### Conclusion

The balance of equities supports the conclusion that Fehmers should not be permitted to amend her complaint to add Alhambra and that the case should not be remanded to state court. Most of the factors considered by the Court weigh in favor of Defendants. Our conclusion is bolstered by the fact that "courts place particular emphasis on the first factor, which addresses the plaintiff's motive for seeking the amendment." *Connelly v. General Motors Corp.*, 1986 WL 14140, at *2 (N.D.Ill. Dec. 8, 1986). Plaintiff's lack of explanation for failing to include Alhambra in the original complaint when the identity of the dealer must have been known to her is fatal to her claim.

For the reasons stated above, Plaintiff's Motion to Amend and Remand is *DENIED.*