## SPRINGER–PENGUIN, INC., Plaintiff,
## v.
## JUGOEXPORT, Defendant.

### No. 86 CIV. 5625 (PKL).

United States District Court,
S.D. New York.

Dec. 3, 1986.

Certilman Haft Lebow Balin Buckley & Kremer, New York City (Martin F. Brecker, of counsel) for plaintiff.

Schnader, Harrison, Segal & Lewis, New York City (Thomas A. Greene, Andrea J. Berger, of counsel), for defendant.

## OPINION AND ORDER

LEISURE, District Judge:

Plaintiff Springer-Penguin, Inc. ("Springer"), a New York corporation, commenced this action solely against Jugoexport ("Jugo"), a foreign corporation, in New York State Supreme Court, Westchester County, by leaving a copy of the summons and complaint at the office of Yugoexport Corp. ("Yugo"), a New York corporation, in New York City, on June 30, 1986.

The original complaint contained four causes of action, alleging breaches of warranty and of contract in connection with the sale from 1983 to 1986 of furniture by Jugo in Yugoslavia to Springer in New York. The original complaint asserted no causes of action against Yugo. It alleged that Yugo was formed by Jugo for the purposes of representing the interests of and obtaining purchase orders for Jugo.

On July 18, 1986, Jugo filed a petition, pursuant to 28 U.S.C. § 1446, removing the action to this Court. On July 28, 1986, without leave of Court, Springer served an Amended Complaint. It contained no new allegations of fact against Jugo, but simply inserted in various paragraphs phrases such as "including Yugoexport Corporation" and "and Y–Corp." in an effort to assert independent claims against Yugo.

Plaintiff's claims against Jugo arise out of the sale of furniture by Jugo to Springer under a series of contracts. Each contract contains an arbitration clause. Jugo commenced arbitration under the contracts on September 11, 1986, by filing a claim. In the arbitration, Jugo seeks to recover $1.8 million for furniture allegedly sold and delivered by Jugo to Springer under the same series of contracts which are at issue in this action.

Jugo moved to stay this action pending arbitration of its dispute with plaintiff. Yugo moved to dismiss the Amended Complaint against it. Subsequently, Springer moved to remand this action to the Supreme Court of the State of New York.

## DISCUSSION

Springer's position on a number of issues has changed since its original motion papers were filed. In its Memorandum of

Law in Response to Defendants's Motion to Stay, plaintiff withdrew its motion to remand, *id.* at 2, acknowledged that its action against Jugo should be stayed pending arbitration, *id.*,[1] and requested that its claims against Yugo should be dismissed without prejudice, so that they may be pursued in state court, *id.* at 5. Plaintiff asserts as the ground for dismissal that this Court lacks jurisdiction of the subject matter of the action against Yugo. Reply Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Amended Complaint ("Reply Memorandum") at 3, 8. Yugo urges that plaintiff's action against it be dismissed both for impermissive joinder of an unnecessary party and for failure to state a claim upon which relief can be granted. Reply Memorandum of Law in Further Support of Defendants' Motions to Stay This Action at 4.

Thus, the parties now agree, and it is so ordered, that plaintiff's action against Jugo shall be stayed pending arbitration, that there shall be no remand of plaintiff's claims, and that plaintiff's action against Yugo shall not go forward in this forum. The only remaining issue involves plaintiff's attempt to amend its complaint to add Yugo as a defendant. Plaintiff argues that it had an absolute right to amend its complaint under Fed.R.Civ.P. 15(a) because no responsive pleading had yet been served by Jugo. Reply Memorandum at 6–8. Yugo contends that the attempted joinder was improper since Fed.R.Civ.P. 21 applies and, by its terms, requires an order of the Court. Memorandum of Law in Support of Motions of Defendants to Stay This Action at 5–6.

Professor Moore has addressed this issue in the following manner.

> After removal, may a plaintiff by amending his complaint to add an additional defendant, whose citizenship destroys diversity, defeat the removal jurisdiction that had properly attached? There are cases that sanction an *ex parte amendment by plaintiff* and give an affirmative answer. With deference, we believe these are not sound; and the sound rule is that established by *contra* authority. If, however, the additional party is added pursuant to a stipulation of the removing defendant, the latter cannot complain because the added defendant defeats the removal jurisdiction and requires a remand. And in the exercise of a sound discretion the district court may permit a new party to be added, although his citizenship destroys diversity and requires a remand.

1A J. Moore, Moore's Federal Practice ¶ 0.161[1.–3], at 269–70 (2d ed. 1986) (emphasis added; footnotes omitted).[2] The Circuit Court of Appeals for the Second Circuit has not directly addressed the question whether addition of a party in these circumstances, following removal, requires leave of Court.[3] Two recent cases in this Circuit, however, held that while joinder may be allowed following removal even though it would destroy diversity jurisdiction,[4] the Court must scrutinize plaintiff's motives and examine other circumstances before granting plaintiff's motion in the exercise of its discretion. *McIntyre v. Codman & Shurtleff,* 103 F.R.D. 619, 622 (S.D.N.Y.1984) (Court should determine

1. *See also* plaintiff's Reply Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Amended Complaint at 2.

2. Professor Moore distinguishes the case where no removal has occurred and in that situation supports amendment without leave of Court. *Id.* at ¶ 21.05[1]; *see also Soler v. G & U, Inc.,* 86 F.R.D. 524, 527–28 (S.D.N.Y.1980); *Kaminsky v. Abrams,* 41 F.R.D. 168, 170 (S.D.N.Y.1966).

3. However, *Curacao Trading Co. v. Federal Insurance Co.,* 2 F.R.D. 265, 266–67 (S.D.N.Y. 1942), *aff'd,* 137 F.2d 911, 914 (2d Cir.1943), *cert. denied,* 321 U.S. 765, 64 S.Ct. 521, 88 L.Ed.

1061 (1944), is consistent with Professor Moore's view. In *Curacao Trading,* the District Court held that Fed.R.Civ.P. 21 was applicable, and the Court of Appeals agreed that the proposed joinder involved "a matter of discretion" for the lower court.

4. The cases limited the well-established rule that "[o]nce a case has been properly removed, subsequent alteration in the parties to the action that revives a failure of diversity will only rarely serve to defeat the federal court's jurisdiction." *Allied Programs Corp. v. Puritan Insurance Co.,* 592 F.Supp. 1274, 1277 (S.D.N.Y.1984). " '[T]he general rule [is that] the plaintiff cannot act so

whether joinder comports with "fundamental fairness," according to a number of factors); *Grogan v. Babson Bros. Co. of Illinois,* 101 F.R.D. 697, 699–700 (N.D.N.Y. 1984) (Court should give "serious consideration to the motive underlying plaintiff's motion."). *See also Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d 1371, 1376 (9th Cir.1980) (Court should look with "particular care" at plaintiff's motive.).

Therefore, plaintiff was not entitled to join Yugo without leave of this Court. In the absence of the most recent change in plaintiff's position, plaintiff's amended complaint could have been viewed as a motion to add Yugo as a defendant. It is unnecessary at this juncture to consider the merits of such a motion, however, because plaintiff has now clearly elected not to proceed against Yugo in this forum. Plaintiff's amended complaint must thus be stricken.

SO ORDERED

as to divest a court of jurisdiction over a case that has been properly removed.'" *Id. (quoting Shaw v. Munford,* 526 F.Supp. 1209, 1213 (S.D. N.Y.1981). *See McIntyre,* 103 F.R.D. at 620; *Grogan,* 101 F.R.D. at 699.