Peter CLINCO, Plaintiff,

v.

Dennis ROBERTS aka Dennis Barry Roberts, Defendant.

No. CV 98–9263 DDP (CWx).

United States District Court, C.D. California.

Feb. 25, 1999.

Peter L. Clinco, Clinco & Fisher, Los Angeles, CA, for plaintiff.

Richard A. Grossman, Grossman & Klarfeld, Los Angeles, CA, for defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND MOTION TO REMAND

PREGERSON, District Judge.

This matter comes before the Court on plaintiff Peter Clinco's motion to remand.[1] The motion is based on Clinco's filing of a first amended complaint which destroys diversity. The Court does not permit Clinco to so amend the complaint and therefore denies the motion to remand.

## I. Background

### A. Facts

According to the complaint, plaintiff Clinco is an attorney who represented a client named A.G. Dorsey, professionally known as Engelbert Humperdinck. Dorsey had a partnership with an entity known as the Capricorn II Trust, a trust controlled by J. Cutler Roberts. In addition to the Capricorn II entity, J. Cutler Roberts also controlled another trust known as the Capricorn I Trust.

In 1995, Dorsey was attempting to finance production of a concert video and was in need of collateral. To meet this need, Dorsey sought permission from J. Cutler Roberts to use the partnership's equity as collateral for the video. According to Clinco, J. Cutler Roberts's son, defendant Dennis Roberts, arranged this funding.

J. Cutler Roberts has since deceased and Dennis Roberts has succeeded his interests in the trusts. Clinco alleges that Dennis Roberts mishandled the trust accounts and the partnership account. In essence, Clinco alleges that Dennis Roberts stole from the partnership account and then proceeded to intimidate, threaten, harass, and defame Clinco when Clinco

tried to investigate and intervene in his capacity as representative of Dorsey. In addition, Clinco asserts that Dennis Roberts has claimed ownership of a Toyota truck which was given to Clinco by Dorsey to satisfy legal bills.

### B. Procedural history

On October 8, 1998, Clinco filed a state action against Dennis Roberts. The complaint asserted seven causes of action as follows: (1) intentional infliction of emotional distress; (2)–(5) defamation; (6) declaratory relief regarding the truck; and (7) "injunctive relief to prevent harassment."

On November 18, 1998, Dennis Roberts removed the state action to this Court, asserting diversity jurisdiction. (Notice of Removal.)

On November 23, 1998, Clinco filed a first amended complaint, adding as named defendants the two Capricorn Trusts and their trustees. The trustee of the Capricorn II Trust is Dennis Roberts and the trustee of the Capricorn I Trust is S. Myron Klarfeld. Significantly, Klarfeld is a California citizen. This amended complaint was served by mail on November 20, 1998.

As regards Klarfeld, the amended complaint alleges that Klarfeld harassed Clinco (1st Am.Compl. at 11) and seeks a declaratory judgment that the Toyota truck at issue belongs to the plaintiff and not to Dennis Roberts, or either trust. Because Klarfeld is the trustee of the Capricorn II Trust, the amended complaint implicates him as a defendant.

Also on November 23, 1998, Dennis Roberts filed and served by mail an answer and counterclaim. The answer denies any liability and the counterclaim asserts a claim for legal malpractice and seeks punitive damages.

---

1. Also before the Court was a motion by Clinco to dismiss defendant Dennis Roberts's counterclaim. The Court addressed this mo-

tion in a separate order, dated February 10, 1999.

Clinco has now moved to remand this action to state court because Klarfeld and Clinco are both California citizens, which destroys complete diversity.

## II. Discussion

### A. Legal standards

There are two different legal standards that might apply to Clinco's attempt to amend his complaint. While diversity-destroying amendments are generally governed by 28 U.S.C. § 1447(e), amendments made before service of responsive pleading are generally governed by Federal Rule of Civil Procedure 15(a). Because Clinco attempted to make a diversity-destroying amendment before a responsive pleading was served, the Court must determine which of these two rule governs.

To make this determination, the Court will address each of these rules separately and consider the outcome if each were applied. Because § 1447(e) allows the Court more discretion than Rule 15(a), the Court will refer to the standard under § 1447(e) as a "discretionary standard." Because Rule 15(a) permits amendment as a matter of course until service of a responsive pleading, the Court will refer to its provisions as a "permissive standard."

### B. Section 1447(e) discretionary standard

Generally, if a plaintiff seeks to amend a removed complaint in a manner that would destroy diversity, a court has discretion whether to allow such amendment. Title 28 U.S.C. § 1447 provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

■ When deciding whether to permit joinder under § 1447(e), a court should consider: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid. See Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 2:1078 (TRG 1998) (citing cases). A court's decision under § 1447(e) is reviewed under an abuse of discretion standard. See *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 691 (9th Cir.1998).

■ To determine whether Clinco's amendment would be permitted under § 1447(e), the Court will consider each of the five factors listed above.

### 1. The extent to which the new party is needed for the just adjudication of the matter

Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations. Fed.R.Civ.P. 19(a). A person falling within the scope of Rule 19(a) must be joined to the ongoing action if feasible. *Id.* ("*shall* be joined" (emphasis added)).

Applied to the present case, this means that the Court must consider whether Klarfeld falls within the scope of Rule 19(a). He does not.

Although Clinco may have claims against Klarfeld, as discussed earlier, the claims are not inherently connected with Clinco's claims against Dennis Roberts. If so, there is no indication that forcing Clinco to sue Klarfeld in state court would prevent Clinco from receiving just adjudication of his claim against Dennis Roberts in federal court.

Therefore, this factor does not support Clinco's amendment of his complaint.

## 2. The extent to which a statute of limitations would affect the plaintiff's ability to bring a separate suit against the new party

Clinco does not argue that a new action against Klarfeld would be time-barred. Therefore, this factor does not support amendment.

## 3. The extent to which the attempted amendment is timely

 When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion. *See, e.g., Lopez v. General Motors Corp.,* 697 F.2d 1328, 1332 (9th Cir.1983). In the present case, Clinco filed the complaint on October 8, 1998 and attempted the amendment on November 23, 1998, less than six weeks later. This is not an unreasonable amount of time. *Cf. id.* (identifying delay of over six months before attempted amendment). That the attempted amendment was timely supports the conclusion that it should be permitted.

## 4. Motive for joinder

 "[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Desert Empire Bank v. Ins. Co. of N. America,* 623 F.2d 1371, 1376 (9th Cir.1980). Therefore, "a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Id.*

Dennis Roberts removed the case on November 18, 1998 and served Clinco by mail. Clinco served Dennis Roberts with the amended complaint two days later, on November 20, 1998. Because Clinco filed the amended complaint in this Court, he was aware of the removal. In addition, the original and first amended complaints are substantially similar.[2]

In light of this, one could justifiably suspect that Clinco's amendment of the complaint was caused by the removal rather than an evolution of his case. This factor does not support allowing amendment.

## 5. Whether the claim against the new party seems valid

Because the decision under § 1447(e) is a discretionary one, courts consider all issues that bear on the equities of allowing amendment. *See Irizarry v. Marine Powers Int'l,* 153 F.R.D. 12 (D.Puerto Rico 1994). Among these is whether a new claim sought to be added seems to have merit. *See Goodman v. Travelers Ins. Co.,* 561 F.Supp. 1111, 1113–14 (N.D.Cal.1983); Schwarzer, et al., *supra* at ¶ 2:1078.5.

Applying this factor to the present case requires consideration of Clinco's two allegations against Klarfeld. First, Clinco asserts that Klarfeld participated in Dennis Roberts's harassment and is therefore liable for intentional infliction of emotional distress. Second, Clinco seeks declaratory relief against all named defendants in order to assert his ownership of the Toyota truck.

### a. Intentional infliction of emotional distress

As to Clinco's first claim, although the claim is not deficient on its face, it would be unlikely to survive a summary judgment motion. Clinco's claim against Klarfeld for intentional infliction of emotion distress states that the defendants instituted a "campaign of terror [that] included but was not limited to the following:"

> Repeatedly demanding by sending faxes to Plaintiff's office and residence, both located in the County of Los Angeles, State of California, that Plaintiff contact his insurance carrier on a claim, embod-

---

2. Apart from various editorial differences, the first amended complaint adds a one-sentence allegation to the first cause of action and slightly alters the sixth cause of action. In addition, the first amended version contains descriptions of the new defendants.

ied in a complaint for which Defendant Dennis Roberts and his counsel knew was not covered by any policy of insurance. Plaintiff is informed, believes and thereon alleges that Defendant S. Myron Klarfeld joined in these threats[.] (1st Am.Compl. at 11.) Although Clinco makes other related allegations against Dennis Roberts, only the quoted portion makes any allegation against Klarfeld.

Under California law, to state a claim for intentional infliction of emotional distress, the defendant's "conduct must be outrageous, i.e., beyond all bounds of decency; ordinary rude or insulting behavior is not enough to justify an award of damages. (See Rest.2d, *Torts* § 46, Comment d ['There is no occasion for the law to intervene in every case where some one's feelings are hurt'])." 5 B.E. Witkin, *Summary of California Law*, Torts § 404 (9th ed. 1988) (citation and brackets in original).

This conclusion is reflected in California's approved jury instructions. These strictly define the "extreme and outrageous conduct" element of this tort:

Extreme and outrageous conduct is conduct which goes beyond all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community.

Extreme and outrageous conduct is not mere insults, indignities, threats, annoyances, petty oppressions or other trivialities. All persons must necessarily be expected and required to be hardened to a certain amount of rough language and to occasional acts that are definitely inconsiderate and unkind.

Extreme and outrageous conduct, however, is conduct which would cause an average member of the community to immediately react in outrage.

*California Jury Instructions: Civil (BAJI)* No. 12.74 (8th ed.1994) (citing *Newby v. Alto Riviera Apartments,* 60 Cal. App.3d 288, 131 Cal.Rptr. 547, 552 (1976) and *Golden v. Dungan,* 20 Cal.App.3d 295, 97 Cal.Rptr. 577, 588 (1971)).

Although Clinco's claim against Klarfeld might survive a motion to dismiss because of the liberal pleading rules, it would be unlikely to survive a motion for summary judgment. Even if Clinco can find evidence to support his "information and belief" that Klarfeld actually engaged in the acts alleged by the complaint, these actions could not be deemed "extreme and outrageous" so as to support a claim for intentional infliction of emotional distress.

Essentially, Clinco alleges that Klarfeld sent him faxes in which Klarfeld advised Clinco to contact Clinco's insurance company regarding claims which Klarfeld knew were not covered by insurance. To the extent this conduct is inappropriate, as a matter of law, it is no more than a petty oppression or annoyance and is insufficient to support a claim for intentional infliction of emotional distress. If so, Clinco's first claim against Klarfeld is weak on the merits and does not support allowing the amendment.

#### b. Declaratory relief

Clinco's second claim against Klarfeld seeks a declaratory judgment regarding the ownership of the Toyota truck. Clinco states this claim as follows:

An actual controversy now exists between Plaintiff and Defendant in that Defendant claims he personally is the owner of the Toyota, at various times has claimed that the Capricorn I and/or the Capricorn II Trust is also the owner, and has further claimed at other times that the Partnership is the actual owner of the Toyota in question. but [sic] as of the date of the filing of this Complaint, has refused and refuses to provide any documentary evidence to confirm any evidence of the correct ownership, other than the title evidencing that A.G. Dorsey is the owner of the Toyota.. [sic] Plaintiff disputes this contention, and assert [sic] that the title on the Vehicle, identified as in the name of A.G. Dorsey, correctly states the owner of the Toyota. [sic] should govern the relationship between the parties. Plaintiff is informed,

believes and thereon alleges that if title is not conclusive to the ownership of the Toyota in question, that substantially all of the funds used to purchase and maintain the Toyota belonged to the Partnership.

(1st Am.Compl. at 20.) Clinco asserts that if the Toyota belonged to the partnership, Dorsey, as co-managing partner, could convey the Toyota to Clinco. Thus, Clinco asserts that the Toyota was either conveyed directly from Dorsey to Clinco or was conveyed by Dorsey from the partnership to Clinco.

In his original complaint, Clinco asserted this cause of action only against Dennis Roberts; in the amended complaint, Clinco asserts it against all defendants, including the nondiverse party Klarfeld. To determine whether to allow Clinco to add this claim, the Court must consider whether the claim against Klarfeld has merit.

Clinco's claim against Klarfeld seems defective: nowhere does he allege an actual controversy with Klarfeld or the Capricorn I Trust of which Klarfeld is trustee. If so, his action for declaratory relief is inappropriate.

Because there is no diversity between Clinco and Klarfeld, Clinco's action for declaratory relief could only be prosecuted in state court. Therefore, when considering whether Clinco asserts a valid claim for declaratory relief, the Court must consider the success of Clinco's claim in that court. Therefore, California's requirements for declaratory relief actions would apply.

California's declaratory relief statute provides:

Any person interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property, ... may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action ... for a declaration of his or her rights and duties ....

Cal.Code Civ.P. § 1060. Suits under this section are appropriate only if the plaintiff shows an "actual controversy." This requirement could bar Clinco's claim as stated against Klarfeld.

The "actual controversy" requirement obligates Clinco to show that his claim regarding Klarfeld and the Capricorn I Trust is a justiciable controversy between parties having adverse legal interests. *See Selby Realty Co. v. San Buenaventura,* 10 Cal.3d 110, 109 Cal.Rptr. 799, 514 P.2d 111 (1973); *Winter v. Gnaizda,* 90 Cal.App.3d 750, 152 Cal.Rptr. 700 (1979); 5 B.E. Witkin, *California Procedure,* Pleading § 817 (4th ed. 1997). Clinco's complaint does not indicate that Klarfeld, the Capricorn I Trust, and Clinco have adverse legal interests.

Significantly missing from Clinco's claim for declaratory relief is any allegation that the Capricorn I Trust, through its trustee Klarfeld, has asserted a position adverse to Clinco, much less that there is a substantial, immediate controversy. In other words, the Capricorn I Trust has never asserted ownership of the Toyota. If so, there seems to be no actual controversy between Clinco and the Capricorn I Trust and therefore Clinco cannot seek declaratory relief against the trust or its trustee.

Even if Dennis Roberts, the beneficiary of the Capricorn I Trust, asserted that the Toyota belonged to the trust, because the beneficiary does not act for the trust, this should not create an actual controversy between Clinco and the trust. Dennis Roberts can sue to assert the trust's rights only if he first demands that Klarfeld sue and Klarfeld then fails to do so. *See* 5 Witkin, *supra,* Pleading § 119(b). Though this might eventually happen, at the moment the danger to Clinco is speculative. *Cf. id.* at § 819 (declaratory relief allowed regarding future controversy if plaintiff can show great probability of future challenge).

Moreover, this danger is further diminished by Dennis Roberts's assertion in his counterclaim that the Toyota belongs to

Dennis Roberts and the Capricorn II Trust. (Answer & Counterclaim at 17.) Dennis Roberts does not assert that the Toyota belongs to the Capricorn I Trust. Thus, even if there were some controversy as to the Capricorn I Trust, it might now be considered moot.

Because a federal court will never apply California's standard for declaratory relief actions, the Court hesitates to conclude that Clinco's claim would certainly fail in state court. However, for purposes of considering whether to allow Clinco to amend his complaint, the merits of the declaratory relief claim against Klarfeld are not strong. Because this is a weak claim, it does not strongly support remand.[3]

### 6. Conclusion as to the § 1447(e) discretionary standard

Having considered the factors that apply to the § 1447(e) discretionary standard, if the Court were to apply this standard it would deny Clinco's attempt to amend his complaint to add Klarfeld as a defendant. The Court will next consider whether Clinco could amend the complaint if the Court were to apply the Rule 15(a) permissive standard.

### C. Rule 15(a) permissive standard

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." This rule "complements the liberal pleading and joinder provisions of the federal rules by establishing a time period during which the pleadings may be amended automatically...." 6 Charles A. Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* § 1473, at p. 521 (2d ed. 1990). If this provision of Rule 15(a) applies to Clinco's attempted amendment, the amendment must be permitted even if it would be denied under § 1447(e).

Having concluded that the amendment would be denied under § 1447(e) but permitted under Rule 15(a), the Court must determine which of these standards applies to this case.

### D. Whether Clinco's attempted amendment should be considered under § 1447(e) or Rule 15(a)

Some authorities imply that the § 1447(e) discretionary standard does not apply to a removed case in which the plaintiff amends the complaint before the defendant files an answer. Instead, these authorities hold that such amendment is governed by the permissive standard of Rule 15(a). *See* Schwarzer, et al., *supra,* ¶ 2:1077; J. Moore, *Moore's Federal Practice* ¶ 0.161[1.–3], at 269–70 (2d ed. 1986) (noting that some cases permit amendment). According to this opinion, if a plaintiff seeks to add a nondiverse party before service of a responsive pleading, the amendment should be permitted, complete diversity is destroyed, and the action must be remanded. *See* Schwarzer, et al., *supra.*

Other authorities disagree with the application of the Rule 15(a) permissive standard to allow amendment that would destroy diversity jurisdiction. *See, e.g., Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc.,* 916 F.Supp. 1024, 1026 (D.Nev.1996); *Springer–Penguin, Inc. v. Jugoexport,* 648 F.Supp. 468, 469–70 (S.D.N.Y.1986); 6 Charles A. Wright, Arthur R. Miller, Mary Kay Kane, *supra* § 1477, at p. 562; Moore, *supra,* at *id.*

The Ninth Circuit has not addressed this issue and the Court has found no cases from this district that have decided this question.

█ After consideration of the competing opinions, the Court agrees with the authority holding that Rule 15(a) does not apply to allow permissive amendment de-

---

**3.** In its order of February 10, 1999, the Court identified another possible weakness in this claim: a Nevada state court may have already asserted jurisdiction over the Toyota. The Court ordered the parties to brief that issue.

stroying diversity jurisdiction. To apply the permissive standard of Rule 15(a) in this situation would allow a plaintiff to improperly manipulate the forum of an action, a result that is quite different from the policies of Rule 15(a) and contrary to other policies that apply in this context. This conclusion begins with the purposes of Rule 15.

"The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). To this end, Rule 15 creates a policy of liberally allowing the plaintiff to amend the pleading. *Id.*

Part of the scheme created by Rule 15 allows the plaintiff to amend once as a matter of right if a responsive pleading has not yet been filed.

> The purpose of the amendment as of right provision is to avoid judicial involvement in the pleading process when there is little reason for doing so. Given the limited time period following commencement of the action within which this type of amendment may be made, it is unlikely that applications for leave to amend would be denied by a judge, which means that there is no reason for requiring the court to pass on them.

6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *supra* § 1480, at pp. 576–77; *see also United States ex rel. Baggan v. DME Corp.*, 1997 WL 600569 *1 (D.D.C. Sep.22, 1997).

The liberal amendment provisions of Rule 15(a) are designed to help the parties and the court reach the merits of a dispute; they should not be applied in a manner that frustrates that very function. Such frustration would result if a plaintiff were permitted to amend a complaint solely to manipulate the forum in which the complaint will be heard.[4]

As noted earlier, when a party attempts to amend a complaint in a manner that destroys a federal court's jurisdiction, § 1447(e) gives the court discretion to consider the propriety and fairness of allowing that amendment. Moreover, the Ninth Circuit has indicated that the plaintiff's motives are relevant to the question of whether to allow amendment. Therefore, "a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Desert Empire Bank*, 623 F.2d at 1376. The reason for such scrutiny is plain: amendments that seek to aid the plaintiff's ability to present the merits of his claim are within the policies of the Federal Rules; amendments that seek to create some procedural advantage do not satisfy this policy and may very well frustrate it.

The permissive standard of Rule 15(a) does not contradict these concerns. Instead, Rule 15(a) allows amendment as of course only because a pre-answer amendment is presumptively appropriate and scrutiny is therefore unnecessary. Such amendment is presumptively appropriate because it could serve no purpose other than to fine-tune the plaintiff's assertion of the merits; generally, no procedural advantage can be gained by amendment before the defendant's responsive pleading. *See* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *supra* § 1480, at pp. 576–77. Because it can only serve to clarify the merits, the amendment comports with the purpose of the Federal Rules and is automatically allowed.

When a case has been removed to federal court, however, Rule 15(a)'s presump-

---

4. If the permissive standard of Rule 15(a) applies in this context, it could be used quite often. Because the defendant may waive his right to remove should he file an answer in state court, removal generally occurs before the defendant serves a responsive pleading. Therefore, if a district court does not scrutinize the propriety of the amendment, the option of adding a nominal defendant solely to defeat diversity jurisdiction would be available to any plaintiff who desired to take advantage of it.

tion of the amendment's validity cannot apply. Once a case has been removed, a diversity-destroying amendment could be motivated by the plaintiff's desire to gain procedural advantage by returning to state court rather than a desire to reach the merits. Therefore, the amendment cannot be presumed appropriate and the logic and policy of Rule 15(a) do not apply.[5] Therefore, a district court must scrutinize an attempted diversity-destroying amendment to ensure that it is proper; in other words, § 1447(e) applies.

Though the Court has found no cases in this jurisdiction that have addressed this issue, courts in other jurisdictions have reached similar conclusions. According to these courts, if an amendment would defeat the defendant's removal of the action, the policy of scrutinizing the plaintiff's motives and the fairness of allowing amendment should apply even if the amendment is attempted before a responsive pleading is filed. *See, e.g., Springer–Penguin v. Jugoexport*, 648 F.Supp. 468, 469–70 (S.D.N.Y.1986).

Other courts simply assert that it is well settled that a party may not rely on the amendment-as-of-course provision of Rule 15(a) to defeat a court's jurisdiction. *Winner's Circle of Las Vegas, Inc. v. Ami Franchising, Inc.*, 916 F.Supp. 1024, 1026 (D.Nev.1996); *Lyster v. First Nationwide Bank Financial Corp.*, 829 F.Supp. 1163, 1165 (N.D.Cal.1993); *see also* Wright, et al., *supra* § 1477, at pp. 562–63. Though these courts do not explain the reasoning for this conclusion, it is consistent with and likely founded on that stated earlier.

In sum, a diversity-destroying amendment must be considered under the standard set by § 1447(e) even if it is attempted before a responsive pleading is served.

## III. Conclusion

Rule 15(a) does not apply to Clinco's attempted amendment. Considered under the appropriate standard of § 1447(e), the amendment should not be permitted.

Construing Clinco's filing of the first amended complaint as a motion for leave to amend, the Court denies the motion without prejudice.[6] The Court strikes Clinco's amended complaint and denies his motion to remand.

IT IS SO ORDERED.

**5.** This conclusion is strengthened when one considers that Rule 15(a) does not allow an unlimited right of amendment even before the filing of a responsive pleading. For example, Professor Wright notes that Rule 15(a) only allows a single amendment as a matter of course and explains that this limit is sound because "[a]n unrestricted right to amend as of course easily might become a source of abuse either by encouraging shabby pleading techniques or by providing a potential source of harassment." Wright, et al., *supra* at § 1480, at p. 577. *See also* Schwarzer, et al., *supra* ¶ 8:363 ("Rule 15 merely provides the procedural mechanism for amending and supplementing pleadings. Other Federal Rules may determine whether the amendment or supplement is *proper* ....") (emphasis in original).

This supports the conclusion that Rule 15(a) does not create an absolute right to amend and only allows certain amendments that carry a presumption of propriety. A diversity-destroying amendment after removal should be compared to a successive amendment that is not necessarily proper, rather than to an initial amendment that can be assumed appropriate. If so, Rule 15(a) should not be interpreted to allow such amendment as a matter of right.

**6.** Because the parties have addressed the appropriateness of the amendment in the briefing regarding the motion to remand, allowing Clinco to file a motion for leave to amend would serve no purpose.