Donald BOON; Crystal Boon;
and Milagro Rivera,

v.

**ALLSTATE INSURANCE COMPANY;
Ronald A. Schmidt; Reynaldo Rivera;
and Does 1 through 100, inclusive.**

No. CV–02–5216 CAS(PJWX).

United States District Court,
C.D. California.

Oct. 3, 2002.

John N Quisenberry, Kurt E Kananen, Jerilyn Jacobs, Quisenberry Law Firm, Los Angeles, CA, Brian S Kabateck, Kabateck & Kropff, Los Angeles, CA, for Donald Boon, Crystal Boon, plaintiffs.

Thomas V Girardi, Girardi & Keese, Los Angeles, CA, John N Quisenberry, Kurt E Kananen, Jerilyn Jacobs, Quinsenberry Law Firm, Los Angels, CA, Delores A Yarnall, Binder & Associates, Pasadena, CA, Brian S Kabateck, Kabateck & Kropff, Los Angels, CA, for Milagro Rivera, plaintiff.

Gregory Michael MacGregor, Deborah A Berthel, MacGregor & Berthel, Woodland Hills, CA, for Allstate Insurance Group, an Illinois Corporation, Allstate Insurance Company, an Illinois Corporation, defendant.

## PLAINTIFF' S MOTION TO REMAND

SNYDER, District Judge.

### I. INTRODUCTION

This action arises out of defendant Allstate Insurance Company's ("Allstate") al-

legedly wrongful refusal to defend and indemnify Milagro Rivera against claims that are contended to be actually or potentially covered under an insurance policy issued by Allstate to plaintiff Milagro Rivera and her husband, Reynaldo Rivera. Plaintiffs Donald Boon, Crystal Boon, and Milagro Rivera initiated this action in Los Angeles County Superior Court on May 13, 2002, naming as defendants Allstate Insurance Group, Allstate Insurance Company, Allstate Personal & Casualty Company, and Ronald A. Schmidt. On June 28, 2002, Allstate timely removed the action to this Court on the basis of diversity of citizenship alleging that all of the plaintiffs are California citizens, and that defendant Allstate is incorporated in and has its principal place of business in Illinois, and is the only real defendant. Allstate alleges in its Notice of Removal that only its citizenship should be considered in determining whether this case should be remanded because "Allstate Insurance Group" and "Allstate Personal & Casualty Company" do not exist and are therefore improper parties, and that Ronald Schmidt died before this action was initiated and is therefore not a proper defendant. Notice of Removal ¶ 5.

On July 29, 2002, plaintiffs filed a First Amended Complaint ("FAC"), adding several new claims for relief and adding Reynaldo Rivera as a defendant. On the same date, plaintiffs filed the instant motion for remand, alleging that complete diversity between the parties does not exist, as Ronald Schmidt and Reynaldo Rivera are California citizens.

## II. BACKGROUND

Plaintiffs allege that on approximately July 12, 1997, Allstate issued a "Deluxe Plus Homeowners" insurance policy (the "policy") to Milagro and Reynaldo Rivera, for their residence in Lake View Terrace, California. FAC ¶ 2. Allstate agent Ronald Schmidt allegedly sold the Riveras this policy. *Id.* ¶ 34. Plaintiffs allege that the policy required Allstate to defend the Riveras in any legal action arising from any potentially covered claim, and to indemnify them for covered claims. *Id.* ¶ 2. The policy provided $100,000 in coverage. *Id.*

On January 15, 1998, Reynaldo Rivera shot and wounded Donald Boon, a Los Angeles Police Officer who had responded to a 911 telephone call from the Rivera residence. *Id.* ¶ 7. On January 5, 1999, Donald Boon and his wife Crystal Boon filed a complaint against the Riveras in the Los Angeles County Superior Court, alleging that Milagro Rivera's negligence and Reynaldo Rivera's misconduct caused the Boons severe and permanent injury (the "state court action"). *Id.* ¶ 4; *see also* FAC, Ex. B (complaint in state court action).

Plaintiffs allege that the Riveras thereafter tendered the defense of the state court action to Allstate. *Id.* ¶ 9. Allstate acknowledged the receipt of the tender of defense and assigned a law firm to defend Milagro Rivera. *Id.* However, plaintiffs allege that at some unspecified point while the state court proceedings were pending, Allstate (1) refused the Boon's offer made pursuant to Cal.Code Civ.P. § 998 to settle the case for $100,000 and (2) decided to "pull" Milagro Rivera's defense. *Id.* ¶¶ 13, 14. Plaintiffs allege that Milagro Rivera thereafter made numerous demands to Allstate to defend her in the state court action, but that Allstate refused to do so. *Id.* ¶ 15. It appears that Milagro Rivera thereafter hired another attorney to defend her in the state court action. *Id.* ¶ 19. The parties proceeded to binding arbitration, and the arbitrator awarded the Boons $7,239,000 against the Riveras. *Id.* at ¶ 20. On February 4, 2002, judgment was entered on the arbitrator's award by Los Angeles County Superior Court Judge Farell. *Id.* ¶ 21. Milagro Rivera was held jointly and severally liable to the Boons for

$2,739,000, and individually liable for $2,205,000. *Id.*

Plaintiffs state that prior to the commencement of this action, Milagro Rivera assigned her right to pursue certain insurance benefits under the policy to the Boons, including the amount due in the state court action. *Id.* ¶ 23. Plaintiffs allege that although under the terms of the policy Allstate is obligated to pay the Boons the damages for which the Riveras are liable, Allstate has refused to do so. *Id.* ¶¶ 22, 24. However, Milagro Rivera retained her right to recover her personal economic losses arising from Allstate's alleged breach of contract, as well as damages for emotional distress and punitive damages. *Id.* ¶ 23.

In the FAC, Milagro Rivera sues Reynaldo Rivera[1] for "implied equitable indemnity," alleging that "she has a right to be compensated by Reynaldo Rivera for some part of the loss she has sustained for the legal consequences of Reynaldo Rivera's conduct...." *Id.* ¶ 112. In addition, Milagro Rivera sues Schmidt for "professional negligence," alleging that he misrepresented the nature, extent, and scope of the coverage the policy would provide. *Id.* ¶¶ 60–74.

## III. LEGAL STANDARD

### A. Removal

 Removal of an action from state court is only proper if the action could have been brought originally in federal district court. 28 U.S.C. § 1441(a) and (b). Section 1332 states: "The district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, and is between (1) citizens of different States...." 28 U.S.C. § 1332(a). For diversity jurisdiction to exist, each plaintiff must be diverse from each defendant. *See Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806). In analyzing diversity jurisdiction, the Court looks to an individual's citizenship at the time the lawsuit was filed. *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir.1986). An individual is a citizen of the state in which he is domiciled; domicile is determined by an individual's 1) residence in a state, and 2) his intent to remain indefinitely. *Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).

 The removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir.1992). The burden of proof is on the defendant to prove the existence of jurisdictional facts. *Id.* ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."); *Schroeder v. Trans World Airlines,* 702 F.2d 189, 191 (9th Cir.1983) (noting that the defendant must allege jurisdictional facts in the removal notice where the complaint does not disclose such facts).

### B. Remand

 After a case has been removed, if a plaintiff seeks to join a defendant whose joinder would destroy complete diversity, the court may deny the joinder, or allow the joinder and remand the case to state court. 28 U.S.C. § 1447(e)[2]. In the case

---

1. Reynaldo Rivera is incarcerated and serving a 32–year prison term. Opp. at 8.

2. Although the permissive standard of Federal Rule of Civil Procedure 15(a) allows for amendment as a matter of course prior to the service of a responsive pleading, Fed.R.Civ.P. 15(a), the Court determines that the proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e). *Clinco v. Roberts,* 41 F.Supp.2d 1080, 1088 (C.D.Cal.1999); *accord IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.,* 125 F.Supp.2d 1008, 1011 (N.D.Cal. 2000) (recognizing that diversity-destroying

of a diversity-destroying amendment, courts have considered several factors when determining whether to allow permissive joinder under § 1447:(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; (6) the strength of the claims against the new defendant. *See Clinco v. Roberts*, 41 F.Supp.2d 1080, 1082 (C.D.Cal.1999) (citing Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 2:1078 (2002)); *see also IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d 1008, 1011 (N.D.Cal. 2000). Additionally, Wright, Miller and Cooper provide that "following the plaintiffs' post-removal joinder of a diversity-destroying defendant ... [28 U.S.C.

§ 1447(e)] leaves the matter to the discretion of the district court [and] .... [t]he cases decided under the amended section 1447(e) show that the courts are looking at a variety of predictable factors...." *See* 14 C Wright, et al., Federal Practice and Procedure, § 3739 at 442 (surveying the factors cited above).

## IV. DISCUSSION

Plaintiffs move to remand the instant action to state court, arguing that defendants Ronald Schmidt and Reynaldo Rivera are California citizens, and thus complete diversity between the parties does not exist. Motion to Remand ("Mot.") at 3.

### A. *Defendant Ronald Schmidt*

First, plaintiffs argue that Ronald Schmidt is a California resident, "because he lived and maintained his office in California at the time he sold Milagro Rivera her insurance policy and during all of her subsequent interactions with him." *Id.* at 7. Plaintiffs contend that the fact that Schmidt is deceased is irrelevant for pur-

amendment is analyzed under § 1447(e) and requires higher scrutiny than does amendment generally); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir.1998) ("Once removal has occurred ... the decision regarding joinder of a diversity-destroying defendant is left to the discretion of the district court."); *Yniques v. Cabral*, 985 F.2d 1031, 1035 (9th Cir.1993) (analyzing a post-removal attempt to join a nondiverse party under 28 U.S.C. § 1447(e) and Fed.R.Civ.P. 19(a)).

At oral argument, counsel for plaintiff Milagro Rivera argued that *Diaz v. Allstate Insurance Group* sets forth the appropriate procedure by which to evaluate a case such as this where the nondiverse defendant was not a party prior to removal. *See Diaz v. Allstate Insurance Group*, 185 F.R.D. 581, 585–86 (C.D.Cal.1998) (analyzing an attempted post-removal joinder under the fraudulent joinder doctrine and under Federal Rules of Civil Procedure 19 and 20). However, it appears that except for *Diaz*, the weight of authority in

the Ninth Circuit contemplates applying the fraudulent joinder analysis only where nondiverse defendants are joined in the state court action prior to removal in order to prevent removal. *See Ritchey v. Upjohn Drug Company*, 139 F.3d 1313, 1315 (9th Cir.1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1337 (9th Cir.1987). In such a case, if a court finds that parties were fraudulently joined, the court may ignore the citizenship of the parties joined in state court and retain jurisdiction over the removed action. *See Ritchey*, 139 F.3d at 1320.

However, in a situation such as that presented here, where the nondiverse party was first added *after* the case had been removed, the Court properly analyzes the propriety of removal under 28 U.S.C. § 1447(e). *See Newcombe*, 157 F.3d at 691; *Yniques*, 985 F.2d at 1035; *Clinco*, 41 F.Supp.2d at 1088; *Buttons v. National Broadcasting Co.*, 858 F.Supp. 1025, 1027 (C.D.Cal.1994).

poses of the present action, as pursuant to Cal. Probate Code § 551, Schmidt's estate will simply substitute in for Schmidt.[3] *Id.* at 11. Plaintiffs further argue that Milagro Rivera may prevail on her claim of negligence against Schmidt, and that Schmidt is therefore not a sham defendant. *Id.* at 7–11 (citing, *inter alia, Paper Savers, Inc. v. Nacsa,* 51 Cal.App.4th 1090, 59 Cal.Rptr.2d 547 (1996) (insurance agent may be liable for negligence in failing to procure specifically requested insurance coverage)). Finally, plaintiffs argue that defendants have not sufficiently shown that the Ronald Schmidt discussed in defendant's opposition to plaintiffs' motion to remand and supporting declarations is the same Ronald Schmidt who sold the Riveras their insurance policy. Reply at 10, 12.

In response, defendants contend that Schmidt became a citizen of Arizona when he relocated there after his retirement in December 1999. Opposition to Motion to Remand ("Opp.Mot.") at 2. Defendants submit a declaration from Schmidt's widow, who states: "On or about December 3, 1999, my husband and I relocated to the State of Arizona, where we established our permanent residence.... My husband intended to, and did, permanently reside in the State of Arizona until his death." Schmidt Decl. ¶¶ 3, 5. Defendants further argue that even if Schmidt's estate is substituted in as a defendant, his estate would be deemed a citizen of Arizona because a legal representative's actual citizenship is disregarded for purposes of determining diversity citizenship. Opp.Mot. at 5; *see* 28 U.S.C. § 1332(c)(2). Thus, defendants argue, as Schmidt was an Arizona citizen, defendants properly removed this case based on diversity. Finally, defendants put forth a declaration from John Ed-

wards, the Territorial Sales Manager for Allstate in Los Angeles. Edwards' declaration states the identity of the Ronald Schmidt referred to in defendant's previous pleadings and declarations as the Allstate agent who issued the insurance policy to Milagro and Reynaldo Rivera. *See* Edwards Decl. ¶¶ 2–3.

The Court is persuaded that defendant Allstate has satisfied its burden of proving that defendant Schmidt sold the Riveras the policy at issue and that he (or his estate, if substituted) was a citizen of Arizona at the time this suit was commenced in May 2002. Accordingly, Schmidt (or his estate) is diverse from plaintiffs.

### B. *Defendant Reynaldo Rivera*

Plaintiffs contend that diversity does not exist in this case because Milagro Rivera has now sued Reynaldo Rivera, a California citizen. Mot. at 13. Milagro Rivera asserts that upon the advice of new counsel she added a claim for indemnity against Reynaldo Rivera. Mot. at 13; *see* FAC ¶¶ 111–112. Ms. Rivera argues that she states a valid cause of action against Mr. Rivera under the doctrine of implied equitable indemnity, whereupon one tortfeasor may seek partial indemnity from another tortfeasor liable for the same tort in proportion to the latter's comparative fault. *Id.* (citing *American Motorcycle Assn. v. Superior Court,* 20 Cal.3d 578, 598–604, 146 Cal.Rptr. 182, 578 P.2d 899 (1978)).

Defendant argues that plaintiffs' addition of Reynaldo Rivera is "an obvious ploy to defeat diversity jurisdiction," and that the Court should refuse to exercise jurisdiction over a party whose joinder destroys diversity. Opp.Mot. at 5–6.

---

**3.** Cal. Probate Code § 551 provides:
[I]f the limitations period otherwise applicable to the action has not expired at the time of the decedent's death, an action under this chapter may be commenced within

one year after the expiration of the limitations period otherwise applicable.
In reality, Rule 17(a) of the Fed.R.Civ.P. would seem to govern.

Defendant does not challenge plaintiffs' assertion that Reynaldo Rivera is a citizen of California.[4] Thus, if this Court exercises its discretion to allow Mr. Rivera to be joined as a defendant, complete diversity is destroyed. Factors relevant to Court's consideration of whether to allow the diversity-destroying joinder of Mr. Rivera are addressed below.

1. Extent that Defendant is Needed for Just Adjudication of the Matter

█ "Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco,* 41 F.Supp.2d at 1082; Fed.R.Civ.P. 19(a). However, "[a]lthough courts consider whether a party would meet [the Rule 19] standard for a necessary party, amendment under § 1147(e) is a less restrictive standard than for joinder under [Rule 19]."[5] *IBC Aviation Services,* 125 F.Supp.2d at 1011–12. "The standard is met when failure to join will lead to separate and redundant actions," but it is not met when "defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id.* at 1012.

This Court determines that Reynaldo Rivera does not fall within the scope of Rule 19(a). The indemnity claim against Mr. Rivera is not necessary for just adjudication of the claims asserted against Allstate and Schmidt. Courts that have approved discretionary joinder look at least for a high degree of involvement by the defendant in the occurrences that gave rise to the plaintiff's cause of action. *see Desert Empire Bank v. Ins. Co. of N. America,* 623 F.2d 1371, 1376, 1373–74 (9th Cir.1980) (permitting joinder of an insurer who denied the existence of an insurance contract, so that plaintiff could pursue counts of fraud or negligent misrepresentation). While Mr. Rivera's actions may have been directly involved in the underlying negligence suit against Milagro Rivera, he is not a crucial defendant to the current action against the insurer for claims relating to failure to pay a judgment. *See IBC Aviation Services,* 125 F.Supp.2d at 1012. The claims for breach of contract, bad faith, professional negligence, and failure to pay judgments all relate to the relationship of the insured and the insurer, not with Mr. Rivera's underlying tortious conduct. Therefore, requiring Ms. Rivera to pursue a claim against her husband in state court would not prevent the just adjudication of the plaintiffs' claims against Allstate and its agent in federal court. *See Clinco,* 41 F.Supp.2d at 1083.

Finally, although plaintiffs in the first instance are entitled to join claims against almost any parties they wish, subject to satisfying the standards for joinder, after the initial complaint is filed and removal occurs, it is within the Court's discretion

---

**4.** At the outset, defendant argues that Plaintiffs' Notice of Motion for the Motion to Remand ("Plaintiffs' Notice") is defective because it provides simply that the basis for removal is that "the parties are not diverse," and thus the court lacks subject matter jurisdiction. Plaintiffs' Notice at 2. Defendant argues that this statement is not particular enough to include a challenge based on the citizenship of Reynaldo Rivera, a party joined after the defendant's Notice of Removal. Opp.Mot. at 2. However, plaintiffs' statement in the Notice of Motion is sufficient to satisfy the notice pleading requirements Federal Rule of Civil Procedure 7(b) because the challenge to removal based on the citizenship of Reynaldo Rivera is also based on a claim that Reynaldo Rivera's joinder destroys complete diversity. Thus, this Court finds defendant's argument on this point unpersuasive.

**5.** But, if the nondiverse party to be joined "is really 'indispensable,' the court has no discretion; it must authorize joinder and remand the action." Schwarzer ¶ 2:1079.2.

under § 1447(e) to deny joinder of a diversity-destroying party whose identity was ascertainable and thus could have been named in the first complaint. *See, e.g. Filippini v. Ford Motor Co.*, 110 F.R.D. 131 (N.D.Ill.1986) (refusing to exercise discretion to allow joinder of a nondiverse party where party was not indispensible, alleged facts did not indicate significant involvement of new defendant with occurrence giving rise to cause of action and new party could have been sued in the original complaint). The judgment against Ms. Rivera was issued on February 4, 2002. FAC ¶ 21. Ms. Rivera certainly could have stated a claim for indemnity against Mr. Rivera in the original complaint against Allstate.

Therefore, this factor does not support plaintiffs' amendment of their complaint.

## 2. Statute of Limitations

Plaintiffs do not argue that a new action against Mr. Rivera would be time-barred. Accordingly, this factor does not support allowing the amendment. *See Clinco*, 41 F.Supp.2d at 1083.

## 3. Timeliness

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco*, 41 F.Supp.2d at 1083.

In the instant case, plaintiffs filed their original complaint in Los Angeles County Superior Court on May 13, 2002. At that time, all plaintiffs in the matter (Mr. and Mrs. Boon and Milagro Rivera) were represented by the same counsel. Mot. at 6. Thereafter, that law firm dissolved and plaintiff Milagro Rivera retained new counsel. *Id.* Her new counsel reviewed the complaint and advised her to file an indemnity claim against her husband, Reynaldo Rivera. *Id.* at 13. Defendant filed a Notice of Removal on June 28, 2002.

Plaintiffs filed a First Amended Complaint on July 29, 2002.

Plaintiffs' did not unreasonably delay in filing their First Amended Complaint where it was filed less than three months after they filed their original complaint in Superior Court, and less than a month after removal. *See Lopez v. General Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983) (holding that a delay of six months after removal and just four days prior to the hearing on a motion for summary judgment was "too late" for plaintiff to move to amend the complaint to add new parties). Additionally, plaintiffs acted timely in filing the amendment especially in light of the substitution of new counsel that occurred during the early stages of the litigation. Thus, the Court finds that plaintiffs' First Amended Complaint, filed just ten weeks after the filing of their initial complaint and prior to any responsive pleading by defendant Allstate, is timely.

The timeliness of the attempted amendment weighs in favor of permitting Reynaldo Rivera's joinder.

## 4. Motive for Joinder

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Clinco*, 41 F.Supp.2d at 1083 (quoting *Desert Empire Bank*, 623 F.2d at 1376). Motive is particularly important in removal jurisdiction cases where the consequences of joining a new defendant may defeat the court's jurisdiction. *Id.* "[T]he court may consider statements of counsel at pretrial conferences, and plaintiff's subsequent attempt to amend her complaint as relating to plaintiff's true intent at the time the action was removed." *Goodman v. Travelers Ins. Co.*, 561 F.Supp. 1111, 1113–1114 (N.D.Cal.1983) (citations omitted).

In *Desert Empire Bank*, the court held that the plaintiff did not act with an improper motive in attempting to join an additional defendant where the district court "invited" plaintiff to join the defendant because of the degree to which the defendant was involved in the events allegedly giving rise to the plaintiff's cause of action. *See Desert Empire Bank*, 623 F.2d at 1376. Additionally, in *Goodman*, the court remanded the action where a plaintiff amended her complaint naming nondiverse defendants who were involved in the events giving rise to the cause of action after plaintiff's counsel stated to the Court at a pretrial conference that plaintiff intended to substitute those individuals for Doe defendants identified as involved. *See Goodman*, 561 F.Supp. at 1114. The court concluded that plaintiff "did not intend to abandon its action against the fictitious defendants or to regard such defendants as no longer part of the action." *See id.* In contrast, in *Clinco* the court "suspect[ed]" that plaintiff had joined the new defendants in an effort to defeat federal jurisdiction because plaintiff was aware of the removal and filed an amended complaint that was substantially similar to the original complaint with the exception of some editorial changes and the addition of the new defendants. *See Clinco*, 41 F.Supp.2d at 1083 n. 2 (weighing this factor against permitting amendment).

In this case, plaintiffs were aware that the action had been removed to federal court, since plaintiffs were served with the notice of removal and they filed the First Amended Complaint in this Court. Additionally, the Notice of Removal and supporting declaration from Schmidt's wife stated that defendant Allstate claimed that Schmidt's domicile was Arizona. Accordingly, plaintiffs knew that defendants were contending that the inclusion of Schmidt did not destroy diversity.

Defendant submits a declaration from defense counsel giving the following account of the exchange between plaintiffs' and defendants' counsel indicating that counsel for plaintiffs failed to indicate any intention to add a new defendant in the amended complaint. On July 3, 2002, defendant's counsel engaged in a conference to discuss asserted deficiencies in plaintiffs' original complaint in connection with defendant's motion to dismiss the original complaint. *See* Declaration of Sangeeta A. Madhok in support of Defendant Allstate's Sur Reply in Opposition to Plaintiffs' Motion to Remand ("Madhok Decl. for Sur Reply") at ¶ 2. On July 8, defense counsel faxed to plaintiffs' counsel a letter outlining the changes they deemed necessary. *See id.; see also* Exhibit D to the Appendix of Exhibits in Support of Allstate's Sur Reply ("Exhibits for Sur Reply"). On July 15, 2002, defendant's counsel conducted a conference call with plaintiffs' counsel "during which Plaintiffs agreed to file an amended complaint correcting the deficiencies" outlined by defense counsel in correspondence from July 8 and 15. Madhok Decl. for Sur Reply at ¶ 3; *see also* Exhibit E for Sur Reply. During neither the pre-filing telephone conference, nor during the July 15 conference call, was there any discussion of plaintiffs' addition of a new defendant to the amended complaint. *See* Madhok Decl. for Sur Reply ¶ 4.

At the hearing herein, counsel for Milagro Rivera argued that she had not had the opportunity to add a claim for indemnity because she became counsel of record shortly prior to the filing of the FAC. Counsel also reiterated that the amendment pursuant to Rule 15(a) was not made with ill-motives, but rather was within plaintiff's right pursuant to Rule 15(a). Although this Court acknowledges plaintiff's right to amend under Rule 15(a), it remains within this Court's discretion to

determine under 28 U.S.C. § 1447(e) whether or not to permit such diversity-destroying joinder. Although plaintiff urges that the evidence in the indemnity case will overlap with the bad faith case because evidence of Mr. Rivera's mental condition will be received in each case, on balance, it appears that such overlapping of evidence will be so minimal that it would be inappropriate to grant leave to add Mr. Rivera.

Therefore, this factor does not support permitting the amendment.

### 5. Prejudice to Plaintiff if Joinder is Denied

Finally, it appears that plaintiffs will not suffer undue prejudice if the Court chooses not to exercise its discretion to allow joinder of the diversity-destroying defendant. Plaintiffs have already named defendant Allstate which remains a party to the action and a potential source for payment of damages. In addition, though Reynaldo Rivera is incarcerated, plaintiff may depose him and have his testimony preserved for trial and plaintiff may proceed against him in state court. *See Newcombe,* 157 F.3d at 691. ("[Plaintiff] would not suffer undue prejudice because he could subpoena [the defendant he seeks to join] to testify at trial, and if he so chose, he could still proceed separately against [the defendant he seeks to join] in state court."). The Court is mindful that, as a practical matter, it may be more difficult to pursue parallel actions in state and federal courts. However, much of the evidence required to prove the claims against the insurance company for breach of contract, bad faith, professional negligence and failure to pay judgment is different from what is required to prove entitlement to equitable indemnity against Reynaldo Rivera. Thus, interests of judicial economy are not unreasonably burdened by requiring plaintiff to pursue any such indemnity claim in state court.

### 6. Strength of Claim Against New Defendant

Because the equities do not favor allowing joinder of Reynaldo Rivera, and thus Milagro Rivera's indemnity claim will be heard in state court, the Court need not consider the validity or strength of the indemnity claim.

Because Reynaldo Rivera's absence from this matter will not prevent just administration of the claims in federal court, and for the other reasons set forth herein, the Court finds that there is not sufficient reason to allow plaintiff to amend to name a diversity-destroying party as a new defendant in the matter. Thus, the Court declines to exercise its discretion to allow joinder of defendant Reynaldo Rivera.

## V. CONCLUSION

Therefore, plaintiffs' motion to remand is DENIED. The eighth claim for relief for indemnity is DISMISSED without prejudice.

IT IS SO ORDERED.